228 F.2d 176
 Sidney SARNER, Leonard Sarner, Maurice Sarner and Linwood Park, Inc., Sections 1 to 13 Inclusive, Each a Corporation of New Jersey, Appellants,
v.
Norman P. MASON, Commissioner of the Federal Housing Administration, and Albert M. Cole, Housing and Home Financing Administration, and Federal Housing Administration.
 No. 11638.
 United States Court of Appeals Third Circuit.
 Argued November 17, 1955.
 Decided December 21, 1955.
 As Amended December 23, 1955.
 Rehearing Denied January 10, 1956.
 
 Walter D. Van Riper, Newark, N. J. (Van Riper & Belmont, Newark, N. J., on the brief), for appellant.
 Carl L. Eardley, Washington, D. C., (Warren E. Burger, Asst. Atty. Gen., Raymond Del Tufo, Jr., U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., Carl L. Eardley, Washington, D. C., Charles J. Steele, Attys., Dept. of Justice, on the brief), for appellee.
 Before BIGGS, Chief Judge, and KALODNER and HASTIE, Circuit Judges.
 BIGGS, Chief Judge.
 
 
 1
 The individual plaintiffs own all the common stock of the thirteen corporate plaintiffs. The corporate plaintiffs, corporations of New Jersey, constructed and operate housing projects financed through Federal Housing Administration insured loans. Pursuant to the statute and the regulations[1] the Commissioner of the FHA is the holder of all of the preferred stock of each of the corporations. Under the certificates of incorporation, which are substantially identical, the Commissioner, the sole preferred stockholder, has the right to replace the boards of directors of the corporations if any one of certain defaults specified in the charter take place. The Commissioner was of the view that three defaults had taken place and gave notice to the corporate defendants of his intention to hold preferred stockholders' meetings to elect new boards of directors as provided by the charters. The plaintiffs filed a suit in the Superior Court of Bergen County, New Jersey, seeking to enjoin the Commissioner from holding the meetings. The Commissioner and the other defendants removed the case to the court below. The plaintiffs sought to have it remanded to the state court. The court below denied this motion. D.C., 128 F.Supp. 165. The defendants then moved for summary judgment. Upon consideration of the whole record the court below granted summary judgment. D.C., 130 F.Supp. 829. The appeal at bar followed.
 
 I.
 
 2
 The issue raised by the plaintiffs that the cause was not properly removed must be discussed briefly before we proceed to the merits.
 
 
 3
 Section 1441(a), Title 28 U.S.C., states that an action may be removed from a state to a United States district court when the latter has original jurisdiction. Section 1442, Title 28 U.S.C., provides that: "(a) A civil action * * * commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."
 
 
 4
 From the affidavits filed by the defendants in this case, the statements of which are not denied, it appears that the Federal Housing Administration loaned large sums of money to the corporate plaintiffs. There is no doubt that the Commissioner in seeking to elect new boards of directors was acting under color of his office, in an official capacity and pursuant to the laws of the United States as contemplated by the statute. It follows that the cause was properly removable pursuant to Section 1442(a) (1). DeBusk v. Harvin, 5 Cir., 1954, 212 F.2d 143; Jones v. Elliott, D.C.E.D.Va. 1950, 94 F.Supp. 567, and Matarazzo v. Hustis, D.C.N.D.N.Y.1919, 256 F. 882, 889.
 
 
 5
 The argument made by the plaintiffs to the contrary, as we apprehend it, seems to have two elements. The plaintiffs say first that the suit presents no question involving the construction of the laws or of the Constitution of the United States and that the only issue involved is the construction of New Jersey corporate charters under the law of New Jersey. Second, they state, Section 1702, Title 12 U.S.C.A., the National Housing Act, indicates that if only questions of state law be involved removal is prohibited.
 
 
 6
 Section 1702 provides in pertinent part that, "The Commissioner shall, in carrying out the provisions of * * * [the Act as specified in this section], be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." The plaintiffs seem to assert that in enacting this provision Congress intended to do away with, or in some way to limit, the removal provisions of Section 1442(a) (1).
 
 
 7
 We cannot follow the argument and, if it be seriously made, it is sufficient to point out that, in enacting Section 1702, Congress intended to permit the Commissioner to sue, and, waiving sovereign immunity, to permit him to be sued in actions arising under the National Housing Act in any court of competent jurisdiction. See Korman v. F.H.A., 1940, 72 App.D.C. 245, 113 F.2d 743. Section 1702 was not intended to affect and did not affect the right of removal inhering in the Commissioner under the removal statute.
 
 II.
 
 8
 The defendants allege that there were three separate defaults by the plaintiff corporations, as follows: (1) an unauthorized redemption of common stock; (2) the making of certain unapproved long-term loans; and (3) a refusal to furnish information and data requested by the Federal Housing Administration. This court and the court below may take judicial notice that the Senate Committee on Banking and Currency, with Senator Homer E. Capehart as Chairman, investigated certain credit abuses by corporations, such as the corporate plaintiffs, which had availed themselves of FHA credit.
 
 
 9
 As a result of the Congressional investigation, on June 17, 1954, a questionnaire was sent by the Commissioner to all mortgagors who had obtained credit under Section 608 of Title VI of the National Housing Act. The corporate defendants were such mortgagors. The twenty-first question of the questionnaire requested information as to the actual costs of the projects secured by government credit and the disposition of the difference, if any, between the amounts of the mortgage and the sums expended. Data as to land costs and actual construction costs were called for by the questionnaire as were total amounts of sub-contracts and various other items of great importance to the United States and to the Federal Housing Administration. The Commissioner's letter of transmittal and the questionnaire were received by the corporate plaintiffs. This was not denied.
 
 
 10
 On July 29, 1954, one of the individual plaintiffs, Sidney Sarner, an officer of the corporate defendants and the person substantially in charge of their management, addressed a letter upon the stationery of "Sarner Management Co." to the Federal Housing Administration stating: "That information which is your right has been rendered to you in our annual statements. Our books are available to you to substantiate their truth, beyond such, we cannot abide in your request. Regarding the dividend and the stock redemption, our charter established our rights. Wherein your directive is to the contrary, we cannot be expected to comply with the same." This was direct refusal to furnish information sought by the Federal Housing Administration by the questionnaire.
 
 
 11
 Paragraph Seventh (a), of the Certificate of Incorporation of the corporations, provides: "The happening of any of the following events shall constitute a default within the meaning of that word as used in this certificate: * * * (4) the failure of the corporation, continuing for a period of fifteen days, to perform any of the covenants, conditions or provisions required by it to be performed by this certificate. * * *" Paragraph Eighth (f) of the Certificate of Incorporation provides: "At the request of the Commissioner, or of the holder of a majority of shares of the preferred stock [here the same person], his or their agents, employees, or attorneys, the corporation shall give specific answers to questions upon which information is desired from time to time relative to the income, assets, liabilities, contracts, operation and condition of the property and the status of the insured mortgage and any other information with respect to the corporation or its property which may be requested."
 
 
 12
 On the refusal by Sarner, by his letter of July 29, 1954, to furnish the information required by the questionnaire, there was a breach of this covenant by the corporations. The fifteen days of Paragraph (a) (4) had already expired when Sarner made his reply of July 29, 1954, refusing to give to the FHA the information requested. The default remains uncured to this day. There was, therefore, a continuing default within the meaning of Paragraph Seventh (a) of the charters.
 
 
 13
 Paragraph Fifth (e) of the charters provides that: "In the event of any default by the corporations as hereinafter defined, and during the period of such default, the holders of the preferred stock, voting as a class, shall be entitled to remove all existing directors of the corporation, and to elect new directors in their stead. * * *" As we have said, the Commissioner is the sole preferred stockholder of the defendant corporations. The Federal Housing Administration therefore possesses the right to remove all the existing directors of the corporations and to elect new directors in their stead as provided by Paragraph Fifth (e) of the charters. The suit filed by the plaintiffs to enjoin such action is without merit and cannot be maintained.
 
 
 14
 No material issue of fact remaining as to the third default, the case was ripe for summary judgment as entered by the court below.
 
 
 15
 In view of our decision on this issue of the third default, no discussion of the other points raised by the parties is required.
 
 
 16
 The judgment appealed from will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 12 U.S.C.A. § 1743(b) (1); 24 CFR § 280.29