**UNITED STATES of America, Plaintiff,**

v.

**Roland PENNEY, Defendant. Civ. A. No. 3472–70.**

United States District Court, District of Columbia.

Dec. 9, 1970.

---

1. At the hearing on the present motions, defendants withdrew a second ground asserted by them in support thereof.

Joseph M. Hannon, Asst. U. S. Atty., Washington, D. C., for the United States.

Jon Axelrod, Public Defender Service, Washington, D. C., for Roland Penney.

## MEMORANDUM OPINION

GESELL, District Judge.

Defendant's petition to remand this cause to the Court of General Sessions is denied.

█ The Court of General Sessions is not a federal court within the meaning of 28 U.S.C. § 451. Tate v. United States, 123 U.S.App.D.C. 261, 359 F.2d 245, 251 (1966). It is the counterpart of a state court and has, by Act of Congress, limited jurisdiction. Ridgley v. United States, D.C.Mun.App., 45 A.2d 475 (1945).

█ Numerous decisions in this jurisdiction have recognized the rule that generally prevails throughout the federal system that in cases involving federal officers, where defenses are available arising from their federal duties, the right of removal to the federal court is absolute. *See, e. g.,* Brown v. Weschler, 135 F.Supp. 622, 624 (D.D.C.1955); Lemley v. Mitchell, 304 F.Supp. 1271 (D.D.C.1969). This broad doctrine has no exceptions and is a recognition of federal supremacy. Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L. Ed.2d 396 (1969). It makes no difference whether the action sought to be removed is criminal, civil, ancillary or *sui generis.* North Carolina v. Carr, 386 F.2d 129 (4th Cir. 1967). The purpose of 28 U.S.C. § 1442(a) (1) is to ensure that federal officers or agents shall not be forced to answer for conduct assertedly within their duty in any court except a federal court. The Director of the Federal Bureau of Investigation and other federal officers, agents and employees affected by the second ordering paragraph of Judge Alexander's Order of November 10, 1970, may remove the proceeding against themselves to the District Court. Removal of this aspect of the litigation has occurred on proper petition and this aspect of the proceedings stands removed.

There shall be no further proceedings in the matter which has been removed without further order of this Court and counsel are requested to appear for a status conference on December 15, 1970, at 9:30 a. m.

So ordered.