The PEOPLE OF the STATE of
CALIFORNIA, Plaintiff,

v.

Elaine BOZARTH and Vlad Vukovich,
Defendants.

No. 72 1847.

United States District Court,
N. D. California.

March 12, 1973.

Gary K. Shelton, Asst. U. S. Atty.,
San Francisco, Cal., for plaintiff.

James H. Newhouse and Howard
Hertz, of Cooper, Newhouse & Hertz,
Berkeley, Cal., for defendants.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This criminal action was originally brought by the State of California against the named defendants in the Municipal Court for the Berkeley-Albany Judicial District. The criminal charges were eventually dismissed and, following a motion to return certain seized property, the Municipal Court made a finding and order for return of the property. The United States then petitioned for removal of the action to this Court—purportedly under 28 U.S.C. § 1442(a).

The action is currently before the Court on United States' motion for a preliminary injunction.[1]

The record in this action indicates that on August 29, 1972 defendants, Elaine Bozarth and Vlad Vukovich, were arrested by the Berkeley Police Department. Pursuant to a search warrant, $3,733 was seized from their residence and from a safe deposit box maintained in the name of Vlad Vukovich and one Stanyan Vukovich, Vlad's brother. On the day following the arrest, the Internal Revenue Service, having assessed taxes in the amount of $6,532 against Vlad Vukovich, served the Berkeley Police Department with Notice of Levy on the personal property of Vlad Vukovich pursuant to 26 U.S.C. § 6331.

After the criminal charges against Elaine and Vlad were dismissed, Elaine and Stanyan then moved the Municipal Court under California Penal Code Section 1536[2] for return of the seized property. An Assistant United States Attorney entered a special appearance at the hearing on Elaine and Stanyan's motions and objected to the jurisdiction of the Municipal Court to determine any rights in property which might be subject to the tax lien against Vlad Vukovich. The Municipal Court indicated that it had jurisdiction and proceeded to find that $2,000 belonged to Stanyan and $1,733 belonged to Elaine, and ordered that the property be returned accordingly.

Immediately following the Municipal Court's determination that it had jurisdiction, the Assistant United States Attorney formally withdrew from the case but shortly thereafter filed in behalf of the United States a Petition for Removal of the case to this Court pursuant to 28 U.S.C. § 1442(a).

Before considering the United States' motion for a preliminary injunction, this Court must first determine the threshold question whether this action was properly removed. The only basis asserted by the United States for removal is 28 U.S.C. § 1442(a).

 Section 1442(a) provides in effect for removal of civil actions or criminal prosecutions commenced in a State Court against any Federal officer acting under color of title or against a person deriving title to property from any such officer.[3] The Congressional intent behind this section was that suits against United States government officers for acts done within the scope of their authority should be tried only in the courts of the United States. Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). Thus, Federal offi-

1. On October 11, 1972 this Court entered a temporary restraining order enjoining disposition of the property in question, and a second order was entered on October 20, 1972 further enjoining disposition of the property pending this Court's determination of the validity of the United States' claim. The second temporary restraining order has been in force until this time.

2. Section 1536 California Penal Code provides: "All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things taken is triable."

3. Questions involving property holders under Section 1442(a)–(2) must affect the validity of a law of the United States to qualify under this section.

cers would not be forced to answer for their conduct within the scope of their duty in any court except a Federal Court. State of North Carolina v. Carr, 386 F.2d 129 (4th Cir. 1967); State of New Jersey v. Moriarity, 268 F.Supp. 546 (D.C.N.J.1967).

■ The present action, however, considered either as a civil or criminal prosecution, is not against any officer or agent of the United States; no such officer was a party to the State Court proceeding. Clearly therefore, the action was not removable under Section 1442(a).

■ The question remains (although not brought to the attention of this Court by either the United States or the attorney for Elaine and Stanyan) whether the action or proceeding would be removable under 28 U.S.C. § 1441 as a proceeding over which this Court has original jurisdiction.

The United States contends that this Court has original jurisdiction arguing that any proceeding against property in which the United States claims an interest is in effect a suit against the United States; that a suit against the United States can be maintained only in a Court specifically designated by Congress, citing Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939); that Congress has only consented to suits involving a Federal tax lien in state courts where the action against the United States is brought as a quiet title action or other suit as enumerated in 28 U.S.C. § 2410; that this action is not such an action as described in § 2410; that, therefore, the Municipal Court had no jurisdiction to determine the ownership of the money here in question and that, therefore, only this District Court has jurisdiction.

■ Even if the United States is correct in its contention that jurisdiction over claims of this kind would be in this Court,[4] removal from a state court of a claim over which District Court has original jurisdiction is allowed only by a party to the proceeding.

Section 1441, Subsections (a) and (c) clearly require that the removing party be a defendant; also, 28 U.S.C. § 1446, which sets forth the procedure for removals under § 1441(a), (b) and (c), also clearly requires that the removing party be a defendant. In the present case, the United States was not a party to the Municipal Court proceeding; the affidavit of the Assistant United States Attorney states that he formally withdrew and never became a party. Obviously, Section 1441 cannot be relied upon as grounds for removal.

■ Further, even if the United States had been a party to the state court proceeding, it does not follow that the present state proceeding could be removed to this Court. In Minnesota v. United States, supra, at 389, 59 S.Ct. 292, relied on by the United States, the Court clearly indicated that where a state court lacks jurisdiction of the subject matter, as the United States here contends, a state proceeding is *not removable* to Federal Court, even though the Federal Court would have had jurisdiction over a like proceeding if originally commenced in Federal Court, because, as the Court said, "jurisdiction of the Federal Court on removal is, in a limited sense, a derivative jurisdiction."

■■ If this action was properly before the Court, the motion for preliminary injunction would fail. A preliminary injunction is an extraordinary and far-reaching remedy and will be issued only where the plaintiff makes a clear and convincing showing of four requirements, one of which is probability of success on the merits at trial. Coffee Dan's Inc. v. Coffee Don's Charcoal Broiler, 305 F.Supp. 1210 (N.D.Cal. 1969). The record before the Court consists of an affidavit of the Assistant

---

4. This Court does not herein decide the merits of this contention, and as we discuss, Section 1441 would not allow for removal whether or not this District Court has orginal jurisdiction as the United States contends.

United States Attorney stating that the money was seized from the residence and safe deposit box hereinbefore mentioned. There are, however, also affidavits on behalf of Elaine and Stanyan stating that $3,000 thereof was contained in envelopes marked ʿwith the name of "Stanyan" and that $733 was the personal property of Elaine. In the absence of a more substantial showing by the United States that the money was the property of Vlad Vukovich, this Court concludes that the United States has not shown the requisite likelihood of succeeding on the merits.

Therefore, it is ordered that the motion for a preliminary injunction should be, and the same is hereby, denied; it is also ordered that the temporary restraining order previously entered should be, and the same is hereby vacated; further, it is ordered that the action before this Court should be, and the same is hereby remanded to the Municipal Court of the State of California, Berkeley-Albany Judicial District for further proceedings as may be necessary.