**Philip B. LINDY, trading as Fountain View Apartments**

v.

**James LYNN et al.**

**Civ. A. No. 74-1849.**

United States District Court,
E. D. Pennsylvania.

Oct. 31, 1974.

---

770

Victor Wright, Philadelphia, Pa., for plaintiff.

Victor L. Schwartz, Asst. U. S. Atty., William L. Matz, H. Kenneth Tull, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On July 17, 1974, the plaintiff filed an action in equity in the Court of Common Pleas of Philadelphia County at which time a preliminary injunction was granted. On July 22, 1974, as one of the defendants is an officer of the United States, the action pursuant to the provisions of 28 U.S.C. § 1442(a)(1) was removed to this court. Presently before the Court is the motion of the plaintiff to remand this case to the Court of Common Pleas and the motions of the defendant, Metropolitan Federal Savings and Loan Association (Metropolitan) to dissolve the preliminary injunction and to dismiss the plaintiff's cause of action.

The Secretary of Housing and Urban Development (HUD) has also filed a motion to dismiss and/or for summary judgment.

We will consider first the Motion to Remand. A review of the history of this case is a necessary prelude to our disposition of this motion. We note, preliminarily that this case presents a situation identical in all material respects to that presented to this Court by the plaintiff in an action previously filed by him. *Lindy v. Lynn, et al.,* (E.D.Pa. C.A. 73–1442). By Opinion and Order dated October 29, 1973, we concluded that the record supported the defendants' contentions and entered a judgment dismissing the plaintiff's cause of action. Upon appeal, our Court of Appeals vacated the judgment of the district court and directed that the complaint be dismissed for want of jurisdiction. *Lindy v. Lynn, et al.,* (3d Cir. 1974–C.A. No. 73–2056, opinion filed July 15, 1974). Plaintiff thereupon filed the complaint at bar in the Court of Common Pleas and as heretofore related the removal proceedings were adopted followed by the petition to remand.

28 U.S.C. § 1442(a)(1) in relevant part provides:

"(a) A civil action . . . commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending.

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office . . .."

■ We agree with the view expressed by the Court in *The People of the State of California v. Bozarth,* 356 F. Supp. 667 (N.D.Cal.1973), wherein the Court stated:

"Section 1442(a) provides in effect for removal of civil actions . . . commenced in a State Court against any Federal officer acting under color of title or against a person deriving title to property from any such officer. The Congressional intent behind this section was that suits against United States government officers for acts done within the scope of their authority should be tried only in the courts of the United States. *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). Thus, Federal officers would not be forced to answer for their conduct within the scope of their duty in any court except a Federal Court. *State of North Carolina v. Carr,* 386 F.2d 129 (4th Cir. 1967); *State of New Jersey v. Moriarity,* 268 F.Supp. 546 (D.C. N.J.1967)." id. at 668–669.

■ We also are of the opinion that the plaintiff's contention that original federal jurisdiction is a necessary ingredient to validate removal proceedings against a Federal officer to be without merit. See, *Poss v. Lieberman,* 299 F.2d 358 (2d Cir. 1962). "Congress has not in § 1442, as in § 1441, required that the case be one over which the court have original jurisdiction in order for the defendant to obtain removal." id. at 359. See also: *Sarner v. Mason,* 228 F.2d 176 (3d Cir. 1955) *cert. denied,* 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956); *State of North Carolina v. Carr,* 386 F.2d 129 (4 Cir. 1967); *People of State of California v. Bozarth, supra; United States v. Penney,* 320 F.Supp. 1396 (D.C.D.C.1973).

■ As it is undisputed that the federal defendant Lynn acted within his official capacity as Secretary of HUD we are impelled to conclude that the plaintiff's motion to remand is denied and the case will remain in the District Court.

We shall now turn to a consideration of the defendants' motions to dismiss or for summary judgment. The Court of Appeals for this circuit summarized the

facts in the former suit instituted by Lindy. There the Court observed:

Plaintiff, Philip Lindy, trading as Fountain View Apartments, had obtained from Metropolitan Federal Savings and Loan Association a mortgage loan to finance the construction of a large apartment building in Philadelphia. The mortgage loan was insured by the Federal Housing Administration. Pursuant to FHA regulations the mortgagee required the plaintiff to deposit with it the sums of $69,308.00 as working capital and $103,962.00 as a mortgage discount fee for which sums the mortgagee issued a Mortgagee's Certificate in the form prescribed by FHA. The additional sum of $21,440.00 was deposited by the plaintiff with the mortgagee pursuant to an Escrow Agreement, also in the form prescribed by FHA. These deposits were in the form of two letters of credit issued by Frankford Trust Company, of Philadelphia, one of the defendants. The plaintiff was unable to commence construction of the apartment project and defaulted on the mortgage, of which default the acting Area Director of the Department of Housing and Urban Development, one of the defendants, was notified. The assistant general counsel of that Department thereupon notified the mortgagee that its insurance claim would be debited with $194,710.00, the amount of the two letters of credit which it held.

The plaintiff thereafter filed the present complaint against the Secretary of Housing and Urban Development, the acting Federal Housing Commissioner, the acting Area Director of the Department of Housing and Urban Development, the federal defendants, and Frankford Trust Company, alleging that by the terms of the letters of credit and the provisions of the Mortgagee's Certificate and Escrow Agreement the letters of credit were issued for limited purposes which did not include the right of the Federal Housing Administration to debit or set off the amounts deposited against the mortgage insurance claim of the mortgagee. The complaint sought injunctive relief against any action by the defendants to that end. supra at 2 and 3.

The pleadings filed in this case are substantially identical to those filed in 73–1442 and in our opinion is tantamount to a reassertion of the same claim. We see nothing in the circumstances of the case sub judice that would alter the opinion expressed by the Court as stated in 73–1442. There we held that: "Plaintiff's position in respect to the first letter of credit is that the mortgagee is not entitled to be paid the sum of $69,308 working capital deposit or the $103,962 discount fee on the ground that the funds were provided for the interim or financing of the project and since construction never commenced, the purpose for which the fund was created never became operative. Thus, the plaintiff contends that this was a special purpose fund and it may not be set off against a general obligation. This argument however ignores the fact that there were a number of other documents executed in this matter. Submitted to the Court is a document signed by the plaintiff and titled "Mortgagors Certificate". Paragraph four states "That the undersigned has read the Mortgagee's Certificate submitted to you concurrently herewith and agrees to be bound by the terms thereof wherever applicable". To satisfy FHA requirements Metropolitan executed a Mortgagee's Certificate which, inter alia, acknowledged the creation of the letters of credit and also provided that:

"No financing charges other than charges disclosed herein have been or will be made. Until final endorsement for insurance by the Commissioner, all funds collected pursuant to items (c), (d), or (e) above and not paid over to the permanent lender, shall be

held for the account of the mortgagor and shall be subject to your control and direction in the event of claim under the contract of insurance".

In addition thereto, the record discloses that Lindy executed a Building Loan Agreement. Paragraph 9 of said agreement reads as follows:

"If the Borrower at any time prior to the completion of the project abandons the same or ceases work thereon for a period of more than twenty days . . . , any such failure shall be a default hereunder, and the Lender, at its option may terminate this agreement.

If the Lender so elects to terminate this agreement, it may use and apply such funds deposited with it by the Borrower, regardless of the purpose for which such funds were deposited, in such manner and for such purposes as the Commissioner may prescribe."

■■ Plaintiff can lay no claim of mystery with respect to the nature of, as well as the impact of, the provisions of the mortgagee's certificate and the Building Loan agreement. The pleadings clearly establish (a) that there was a default; (b) the mortgagee elected to terminate the agreement; (c) the mortgagee assigned the mortgage to the Secretary of HUD. Thus the Secretary is now the alter ego of the mortgagee and as such is clothed with all the rights and obligations contained in the aforementioned agreements. Pursuant to this option, the Secretary has concluded that the funds should be deducted for the account of the mortgagor. We think the combination of circumstances we have noted support the conclusion that the plaintiff is precluded from asserting a valid claim to the Letters of Credit.

■ Having determined that the motions filed by the defendants are to be granted, it follows, a fortiori, that the preliminary injunction should be dissolved.