**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**SAMUEL T. MAY, Defendant**

Crim. No. 1974-90

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 7, 1974

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

Defendant in this action has moved that this criminal proceeding be removed from the Municipal Court to the District Court under the federal officer removal statute, 28 U.S.C. § 1442, and that this action be dismissed. Fed. R. Crim. Proc. 12(b)(1). Defendant, a United States Immigration Officer, is represented in this matter by the United States Attorney. The Government of the Virgin Islands opposes both motions and challenges the propriety of the United States Attorney representing defendant. The motion to remove presents the question whether 28 U.S.C. § 1442 applies in the Virgin Islands, and, for reasons set forth below, I hold that 28 U.S.C. § 1442 does apply to the Virgin Islands. The motion to dismiss raises defenses and objections which are more appropriately considered at the trial of the general issue, so the motion to dismiss will be denied. The motion challenging the propriety of the United States Attorney representing a criminal defendant presents a question of conflict of interests if the case proceeds in the District Court, but, for reasons set forth below, I find the potential conflict to be more apparent than real and deny the motion.

The federal officer removal statute, 28 U.S.C. § 1442, provides:

"(a) A civil action or criminal prosecution commenced in a State Court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office . . . ."

Defendant is clearly an officer of the United States. The alleged slander that is the basis of this action took place during a conversation between defendant and Elmita

Tonge concerning a change in the immigration status of Ms. Tonge's husband, therefore the act occurred "under the color of such office". If this criminal prosecution were brought within the continental limits of the United States, it would clearly be removable on motion of defendant. Hence, the question is whether a federal officer has the same protection against potential harassment by local authorities in the exercise of his federal duties in this territory as he would have in the continental United States. While the Government of the Virgin Islands is not sovereign, in the true sense of the term, it has the "attributes of autonomy similar to those of a sovereign government or state". In re Hooper's Estate, 359 F.2d 569, 578 (3rd Cir. 1966). This prosecution is based on a territorial statute and is being brought by territorial authorities, Therefore, it is a "criminal prosecution commenced in a State court" within the meaning of 28 U.S.C. § 1442.

The remaining question is whether the District Court of the Virgin Islands is a district court of the United States for purposes of 28 U.S.C. § 1442. If it is not, defendant has no right to remove this prosecution to any court because the statute states that the proper district court is in that district and division embracing the place wherein the criminal prosecution is pending, and no United States district court other than the District Court of the Virgin Islands, Division of St. Thomas and St. John embraces the place wherein the prosecution is pending.

■ There is some authority for the proposition that the District Court of the Virgin Islands is not a district court of the United States. Government of the Virgin Islands v. Bell, 392 F.2d 207, 6 V.I. 456 (3rd Cir. 1968); Ferguson v. Kwik-Chek Winn-Dixie Stores, Inc., 7 V.I. 639 (D.V.I. 1970); Callwood v. Callwood, 127 F.Supp. 179, 3 V.I. 61 (D.V.I. 1954). However, as I pointed out in Sewer v. Paragon Homes, Inc., 351 F.Supp. 596, 1 St. X. Supp. 23 (D.V.I.

1972), the phrase "district court" is a term of art which should not be relied upon to mean a Constitutional court of the United States in the face of other circumstances which make it clear that Congress intend a contrary meaning. N. 3. That case involved the Federal Arbitration Act, 9 U.S.C. 1 et seq. which provides in Section 4:

"A party aggrieved . . . may petition any *United States district court* which, save for such agreement would have jurisdiction under Title 28 . . . ." (Emphasis supplied.)

Appellant in Econo-Car International v. Antilles Car Rentals, Inc., 499 F.2d 1391 (3rd Cir. 1974), argued that the term "United States district court" as used in section 4 of the Federal Arbitration Act has a historic meaning that does not include the district court of the Virgin Islands. The Third Circuit did not find this historical argument persuasive and looked to the federal policy underlying the Act as the basis for its decision that the Federal Arbitration Act extends to the district court of the Virgin Islands.

 The policy of the federal officer removal statute is to protect the integrity of federal governmental operations by providing a federal forum in the first instance for cases wherein federal officials must raise defenses arising from their official duties. Willingham v. Morgan, 395 U.S. 402 (1969). The Federal Government

"Can act only through its officers and agents, and they must act within the States. If, when thus acting and within the scope of their authority, those officers can be arrested and brought to trial in a State court, for an alleged offense against the law of the state, yet warranted by the Federal authority they possess, and if the general government is powerless to interfere at once for their protection—if their protection must be left to the action of the state court,—the operations of the general government may at any time be arrested at the will of one of its members."

Tennessee v. Davis, 100 U.S. 257, 263 (1880). The potential for interference by local authorities enforcing local

laws in local courts with the performance of federal duties in such a contentious area as immigration is as great in the Virgin Islands as in the United States. Therefore, I hold 28 U.S.C. 1442 applies in the Virgin Islands.

The Government of the Virgin Islands has by motion challenged the propriety of the United States Attorney representing defendant in this litigation. The Government points out that criminal defense is nowhere mentioned in 28 U.S.C. § 547 which lists the duties of United States Attorneys, but the preamble to that section provides "Except as otherwise provided by law. . . ". 28 U.S.C. § 1442 expresses the strong federal interest in state prosecution of federal officials for acts done under the color of office. 28 U.S.C. § 516 reserves to the Department of Justice the conduct of litigation in which the United States is interested, and 28 U.S.C. § 517 provides that the Attorney General may send any officer of the Department of Justice to attend to the interests of the United States in any suit pending in state court or federal court. These statutes provide ample authority for the Deparment of Justice to direct the United States Attorney to represent defendant.

The Government of the Virgin Islands also points to the unique situation existing in the Virgin Islands, i.e. that the United States Attorney is responsible for all prosecutions cognizable in the District Court, Revised Organic Act of 1954, § 27, and that this case will be in the District Court if the Court grants defendant's removal motion. This, they claim, will cause a conflict of interest in that defense counsel will also be responsible for the prosecution. This alleged conflict of interest is more apparent than real. One possible result of the inter-relationship between 28 U.S.C. § 1442 and § 27 of the Organic Act is that federal officials acting under the color of office can only be prosecuted by the United States Attorney in the District Court. This

would satisfy the policy underlying 28 U.S.C. § 1442 as it would forestall any local authorities prosecuting federal officers under local laws in local courts, but it is not necessary to go so far. § 27 of the Organic Act provides the Attorney General of the Virgin Islands may prosecute cases in the District Court at the request or with the consent of the United States Attorney. The United States Attorney has given his consent in open court to the Attorney General to prosecute in this action and there is no possibility of a conflict of interest. What might result if the United States Attorney did not give such consent is not before me in this case.

▮▮ Defendant has moved to dismiss the complaint under Fed. R. Crim. Proc. 12(b)(1) on five separate grounds—four referring to Count I and one to Count II. The first ground is that only words which are slanderous per se come within the definition of criminal slander, 14 V.I.C. § 1180. There is no such requirement, but, in any event, one of the allegations in the complaint is that the complaining witness was charged with a crime and that is slander per se.

▮ The second ground for dismissal is that there is no allegation that defendant charged plaintiff with a deed punishable by law. The allegations are very obscure on this point and do not adequately inform defendant of the deed punishable by law with which he is alleged to have charged the complaining witness. This matter must be clarified so that defendant may prepare his defense. The proper remedy is a motion for a bill of particulars under Fed. R. Crim. Proc. 7(f). The alleged statements could be found to injure the honor, reputation or worthiness of the complaining witness, 14 V.I.C. § 1180(b), and the alleged statement that the complaining witness was a fraud could refer to a deed punishable under the immigration laws. Therefore, I will not dismiss on this ground. The third ground alleged

for dismissing Count I is that the complaint did not allege publication of the slander. Publication is an essential element of criminal slander, and the allegation in the complaint that the utterances were made "in a public manner" is sufficient for this purpose. The fourth ground for dismissing Count I is that the conversation was privileged. This is a good defense, but it involves questions going to the general issue and is more appropriately determined after a trial of the general issue than on a motion to dismiss. The fifth point raised in the motion to dismiss was that it would be appropriate to dismiss Count II if Count I were dismissed. Since Count I is not being dismissed, no consideration is being given to dismissing Count II.

For the reasons stated in the foregoing Memorandum, it is hereby

ORDERED that:

1. Defendant's motion to remove this criminal proceeding from Municipal Court to the District Court of the Virgin Islands be GRANTED:

2. Government of the Virgin Island's motion challenging the appearance by the United States Attorney as counsel for defendant be DENIED: and

3. Defendant's motion to dismiss be DENIED.