Benjamin M. ABRAMS, Plaintiff,

v.

Thomas E. PLAYLE, Defendant.

Civ. No. 75–053.

District Court of Guam,
Agana Division.

April 27, 1976.

Douglas F. Cushnie (Arriola & Cushnie), Agana, Guam, for plaintiff.

Ralph F. Bagley, Jr., U. S. Atty., Agana, Guam, for defendant.

## MEMORANDUM ORDER

DUENAS, District Judge.

The Court is presented with a petition for removal of a civil action. Plaintiff filed a slander action in the Superior Court of Guam against the defendant.

Defendant is an officer in the United States Air Force and is designated a Military Judge and Special Trial Judiciary Officer by the Judge Advocate General of the United States Air Force. Defendant is represented by the United States Attorney for the District of Guam and has removed this case pursuant to 28 U.S.C., § 1442(a)(1).

"*Section 1442. Federal officers sued or prosecuted.*

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

Two issues are presented to the Court by this petition: One, does this Court have removal jurisdiction pursuant to § 1442, and Two, if this Court does have such removal jurisdiction, is this a case which has been properly removed.

This Court has previously held in *People v. Landgraf,* Criminal Case No. 75–19, and cases similar to *Landgraf* that this Court did not have removal jurisdiction pursuant to Section 1441 or Section 1443 of Title 28 of the United States Code. The Court based its previous rulings on the fact that the removal statutes speak of removal of actions brought in "State" courts to the district court of the United States for the district embracing the place where such action is pending. The Court concluded that Sections 1441 and 1443 were not applicable to actions pending in a Territorial Court such as the Superior Court of Guam. Section 1442(a) includes the same terms as do Sections 1441 and 1443; however, the purpose of Section 1442 is considerably different from the purpose of the other removal statutes.

The court in *Lindy v. Lynn,* 395 F.Supp. 769 (E.D.Pa.1974), aff'd., 515 F.2d 507, followed another District Court's reasoning in *The People of the State of California v. Bozarth,* 356 F.Supp. 667 (N.D.Cal.1973), and quoted from that case:

" 'Section 1442(a) provides in effect for removal of civil actions . . . commenced in a State Court against any Federal officer acting under color of title or against a person deriving title to property from any such officer. The Congressional intent behind this section was that suits against United States government officers for acts done within the scope of their authority should be tried only in the courts of the United States. *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). Thus, Federal officers would not be forced to answer for their conduct within the scope of their duty in any court except a Federal Court. *State of North Carolina v. Carr,* 386 F.2d 129 (4th Cir. 1967); *State of New Jersey v. Moriarity,* 268 F.Supp. 546 (D.C.N.J. 1967).' " Id. at 668–669.

Moreover, the United States Supreme Court has held that Section 1442(a) should not be frustrated by a narrow, grudging interpretation. *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

The District Court of the Virgin Islands was presented with the identical issue in the case of *Government of the Virgin Islands v. May,* 384 F.Supp. 1035 (D.C.V.I. 1974). In *May,* the defendant was prosecuted by the Government of the Virgin Islands for criminal slander in the Municipal Court. The defendant was a United States Immigration Officer and was represented by the U. S. Attorney. The United States Attorney filed a petition for removal pursuant to Section 1442(a)(1) in the District Court for the Virgin Islands.

The Court held that the defendant should have the same protection in the Virgin Islands as he would in the continental United States. Since the prosecution was based on a territorial statute and was brought by territorial authorities, the Court held that the action in the Municipal Court of the Virgin Islands was a "criminal prosecution commenced in a State court" within the meaning of 28 U.S.C., § 1442.

The Court also addressed itself to the issue of whether the District Court of the Virgin Islands is a district court of the United States as contemplated in Section 1442. Both the District Court of Guam and the District Court of the Virgin Islands are not Constitutional Courts. However, they are created by Congress pursuant to Article IV, Section 3, Clause 2. The Court of Appeals for the Third Circuit has held that the District Court of the Virgin Islands is a district court of the United States for purposes of bringing an action pursuant to Section 4 of the Federal Arbitration Act. (9 U.S.C., §§ 1–14). *Econ-Car International, Inc. v. Antilles Car Rentals, Inc.,* 499 F.2d 1391 (1974). On that basis, the District Court of the Virgin Islands held that it was a district court of the United States for removal purposes under Section 1442. I

hold that the District Court of Guam is also a district court of the United States for such purposes.

 In view of the strong interest which the United States has in avoiding the harassment and inconvenience of defending actions in local courts against its employees acting in their official capacity, the Court finds that the District Court of Guam has removal jurisdiction pursuant to 28 U.S.C., § 1442.

The second issue as to whether this case is one which is properly removable must be answered in the affirmative. Plaintiff contends that the alleged slanderous remarks were made by defendant while eating lunch at the snack bar in the Officers Open Mess at Andersen Air Force Base. The defendant's affidavit indicates that the remarks occurred on May 1, 1975, the date that he was to begin formal investigation proceedings in a case in which the plaintiff was counsel for the accused. Plaintiff did not appear but rather, Mr. Fitzgerald, a member of plaintiff's law office, appeared and requested a continuance on behalf of Mr. Abrams. Defendant adjourned the proceedings until after the lunch hour.

At the snack bar defendant was approached by Lt. Col. Peter I. Campisi, the Staff Judge Advocate, 43rd Combat Support Group and the legal advisor to the authority which had appointed the defendant to be the Investigating Officer in Mr. Abrams client's case. Lt. Col. Campisi and the defendant discussed the question of whether the request for a continuance should be granted. In this context the alleged slanderous remarks were made in the presence of Mr. Fitzgerald, Lt. Col. Campisi, the Court Reporter and the military defense counsel. After the luncheon recess, defendant reconvened the proceedings and granted the plaintiff's request for a continuance.

 The "color of office" requirement in 28 U.S.C., § 1442(a)(1) should be broadly construed in order to effectuate the purpose of the statute. *Areskog v. U. S.,* 396 F.Supp. 834 (D.C.Conn.1975), *O'Bryan v.*

*Chandler,* 496 F.2d 403 (10th Cir. 1974). In fact, the Supreme Court stated in *Willingham v. Morgan, supra,* 395 U.S. at p. 409, 89 S.Ct. at p. 1817:

> "In a civil suit of this nature, we think it was sufficient for petitioners to have shown that their relationship to respondent derived solely from their official duties. . . ."

 There is no question that the defendant came into contact with Mr. Abrams in his official capacity and only in his official capacity. The Court, therefore, finds that the basis of this action occurred while the defendant was acting under the color of his office and consequently the action was properly removed from the Superior Court of Guam to the District Court of Guam.

The Court wishes to note that a finding that the defendant acted under color of office affects only the determination as to what Court will try this case. This finding in no way affects the trial on the merits of the case.

SO ORDERED.