Mid-States Mtge v Nat'l Bank

MID-STATES MORTGAGE CORPORATION v NATIONAL BANK
OF SOUTHFIELD

1. BILLS AND NOTES—LETTERS OF CREDIT—DRAFTS—REFUSAL TO
HONOR—FRAUD—FRAUD IN THE TRANSACTION—STATUTES.

An issuer of a letter of credit must honor a draft which complies
with the terms of that letter; however, a court of appropriate
jurisdiction may enjoin the honor of a draft, or the issuer of the
letter of credit, acting in good faith, may dishonor the draft if it
is forged or fraudulent, or if there is fraud in the transaction
(MCLA 440.5114; MSA 19.5114).

2. BILLS AND NOTES—LETTERS OF CREDIT—DRAFTS—FRAUD IN THE
TRANSACTION.

A plaintiff's actions did not constitute "fraud in the transaction"
in a case to recover on letters of credit issued by a defendant
where the plaintiff's challenged actions were mandated by the
Federal statutes and regulations applicable to the underlying
transaction between the parties.

Appeal from Oakland, Farrell E. Roberts, J.
Submitted June 20, 1977, at Detroit. (Docket No.
30027.) Decided August 23, 1977.

Complaint by Mid-States Mortgage Corporation
against National Bank of Southfield seeking recov-
ery of money on certain letters of credit. Lakeview
Estates and Bernard Glieberman were added as
third-party defendants. Summary judgment for
plaintiff. Defendant National Bank of Southfield
appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Letters of Credit and Credit Cards §§ 22, 29, 30.
[2] 50 Am Jur 2d, Letters of Credit and Credit Cards §§ 20, 22, 29.

*Hyman, Gurwin, Nachman, Friedman & Winkelman,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Timothy A. Fusco),* for defendant National Bank of Southfield.

Before: BEASLEY, P. J., and V. J. BRENNAN AND J. R. McDONALD,* JJ.

BEASLEY, J. Plaintiff, seeking recovery of a substantial amount of money on certain letters of credit, commenced an action against defendant bank. After defendant bank had answered the complaint and added third-parties to the lawsuit, plaintiff moved for summary judgment under GCR 1963, 117.2(2).[1] The trial court filed a carefully prepared opinion granting plaintiff's motion, and judgment against defendant bank was entered on August 19, 1976. The defendant now claims an appeal as of right.

Plaintiff is a mortgagee and beneficiary of three letters of credit issued by defendant bank at the request of its customers who are the mortgagors and third-party defendants. The letters were issued pursuant to Department of Housing and Urban Development requirements that, prior to the issuance of a HUD commitment for a federally insured housing project, a mortgagor-borrower must obtain letters of credit for the purpose of covering final closing costs upon completion of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] GCR 1963, 117.2(2) provides:

".2 Grounds. The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

*       *       *

(2) the opposing party has failed to state a valid defense to the claim asserted against him."

housing project. Here, such a HUD commitment was issued.

After the third-party defendants defaulted in payment on their apartment complex project, the Federal agency, acting with respect to the Federal insurance insuring payment of plaintiff's mortgage, paid off the mortgage with the exception of the amount represented by the referenced letters of credit. Plaintiff then presented sight drafts to defendant bank in accordance with the terms of the letters of credit. Defendant bank dishonored the sight drafts, stating that the drafts were not presented for the same reason that the letters of credit had originally been issued, and that, since the project had not been completed, the original purpose of the letters, that is, the payment of closing costs, would never occur.

The issue is, where, at the developer's (here third-party defendants) request, straight irrevocable letters of credit are issued by the developer's bank (defendant), which letters of credit are necessary under HUD regulations to obtain HUD mortgage insurance and are intended to cover the costs associated with the permanent refinancing upon completion of the project, may defendant bank dishonor sight drafts drawn in accordance with the terms of the letters of credit based on a claim that failure of the project has rendered the stated purpose of the letters of credit impossible?

The Uniform Commercial Code, as adopted in Michigan, provides that an issuer of a letter of credit must honor a draft which complies with the terms of that letter.[2] However, a court of appropriate jurisdiction may enjoin the honor of a draft, or the issuer, acting in good faith, may dishonor the draft if the draft is forged or fraudulent, or if

---

[2] MCLA 440.5114; MSA 19.5114.

there is "fraud in the transaction".[3] Here, no allegations of forgery or fraud have been made. Therefore, the question becomes whether the bank's dishonor of the draft was justified by the presence of alleged "fraud in the transaction".

Michigan case law does not provide a definition of "fraud in the transaction". However, other courts have considered the issue. *West Virginia Housing Development Fund v Sroka*,[4] involved the enforcement of a letter of credit following the failure of a low-cost housing development insured by the Department of Housing and Urban Development. The letter of credit there, unlike the one here, specifically provided that " 'this letter of credit relates to working capital funds for the captioned project' ".[5] Nevertheless, the district court granted summary judgment for the plaintiff based upon a holding that the bank was obliged to pay the letter of credit even though the money was to go to the mortgagee rather than to "working capital funds for the captioned project". In reaching this conclusion, the court gave extensive consideration to the question of what constitutes fraud or fraud in the transaction for purposes of the section in question:

"Neither the Code nor its comments give any hint as to what type of fraud gives the bank an option to pay or not to pay under this section. It is the court's conclusion that the traditional elements of common law fraud are not present here. While the courts have been reluctant to define fraud, it generally is thought to include an element of intentional misrepresentation in order to profit from another. See 37 Am. Jur. 2d § 1, et seq., Fraud and Deceit; Devitt and Blackmar, Federal Jury

[3] MCLA 440.5114(2); MSA 19.5114(2).
[4] 415 F Supp 1107 (WD Pa, 1976).
[5] 415 F Supp 1107, 1111.

Practice and Instructions Civil and Criminal Sections 16.05, 16.06.

"Sroka's answer makes the following allegations in relationship to possible fraud:

'Defendant avers that the attempt by plaintiff to draw on the funds represented by said letter of credit was in bad faith and knowingly done when the plaintiff knew or had reason to know that the funds represented by said letter of credit *were no longer available to plaintiff by reason of the default in the completion of said project.'*

"The underlined words represent the fallacy in Sroka's argument. The alleged unfair conduct on plaintiff's part related to its attempt to collect on the letter of credit after the project was abandoned. The court has previously held that the performance of the underlying contract was *irrelevant* to the Bank's obligations under the letter of credit. The court fails to see how any fraud can be involved in regard to matters that are collateral to the bank's obligations under the letter of credit.

"The court has examined those cases which have given a broad interpretation to fraud under Article 5-114(2)(b) because 'the principle of the independence of the bank's obligation should not be extended to protect an unscrupulous beneficiary.' * * *

"This case differs from the above cited cases in that there is nothing unscrupulous about the plaintiff's conduct. Its sole relation to the Bridgeport Gardens was to loan money. There is no indication that it failed to do so and when the project failed it sought reimbursement for funds expended as it was entitled to do in its contract with HUD. All of Sroka's claims of estoppel and unfair dealing are alleged against HUD and not the plaintiff except in the one regard alleged above. (The court has studied Sroka's deposition as well as all the pleadings, briefs, and transcripts in this case.) In sum, the same reasons which make performance of the construction contract irrelevant to the revocability of the letter of credit also defeat Sroka's claim of fraud.

"The bank will therefore be directed to pay the letter of credit. Under Article 5-114(3), the bank is entitled to reimbursement from its customer Sroka, but this mat-

ter is not now before the court."[6] (Footnote and citations omitted.)

In *Sroka,* the court also noted that, both by statute and by regulation,[7] the mortgagee must deliver all deposits made for the account of the mortgagor to HUD as a condition of receiving an insurance payment upon default by the mortgagee.[8] That provision was applicable because, in accordance with HUD regulations, the letter of credit had been accepted in lieu of a deposit.[9] Reference to this statute and regulations shows that, far from acting fraudulently, the plaintiff was following the exact procedure that one should have expected if default by the mortgagor caused the HUD insurance provisions to come into effect.

The same is true in this case. The letters of credit here are absolute on their face and do not even contain the condition present in *Sroka.* It is also clear that proper demand was made by the presentation of sight drafts drawn in accordance with the applicable letters of credit. Moreover, *Sroka* demonstrates that there was no "fraud in the transaction". The regulations referenced in defendant's answer set forth the very procedure that plaintiff was here following. While we do not reach the question of what would constitute "fraud in the transaction", we do hold that such was not present where plaintiff's challenged actions were mandated by the Federal statutes and regulations applicable to the underlying transaction between the parties. See also, *Lindy v Lynn.*[10]

---

[6] 415 F Supp 1107, 1114–15.

[7] 12 USCA 1713(g)(5) and 24 CFR 207.258(b)(4)(ii) and (iii).

[8] 415 F Supp 1107, 1115.

[9] 24 CFR 221.540(a).

[10] 395 F Supp 769 (ED Pa, 1974), *aff'd* (without opinion) 515 F2d 507 (CA 3, 1975).

Application of these principles makes clear that there were no issues of material fact for the trial court to decide. Defendant does not assert facts which would constitute such "fraud in the transaction" as would entitle defendant to dishonor the sight drafts. Therefore, the grant of summary judgment was appropriate.

Affirmed, with costs.