**DANIEL W. ZUGELTER and ANN C. ZUGELTER, Plaintiffs**

v.

**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Defendant**

Civil No. 1981/274

District Court of the Virgin Islands

Div. of St. Croix

March 31, 1982

JOHN B. NICHOLS, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JEAN ROBERT ALFRED, Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

Defendant, Bank of America National Trust and Savings Association, has moved to dismiss the above captioned action pursuant to Fed. R. Civ. P. 12(b)(3) on the grounds of improper venue. For the reasons set forth below, this Court will grant defendant's motion and will dismiss the action.

■ Section 94 of Title 12 of the United States Code provides that an action against a national banking association may only be brought in the district in which its principal office and place of business is established.[1] Since defendant bank's principal office and place of business, as specified in its organization certificate, is located in the district of San Francisco, California, defendant contends that it is not subject to suit in this jurisdiction.

The issue presented in this case has been previously decided in Helco, Inc. v. First National City Bank,, 470 F.2d 883 (3rd Cir. 1972), wherein the Third Circuit held that venue would not lie under Section 94 to sue a national bank in the District Court of the V.I. when the bank in question was chartered in New York. Recently, the Third Circuit reluctantly affirmed its holding, when faced with an identical Section 94 issue in Tradewinds, Inc. v. Citibank, N.A. et al., No. 81-1424 (3rd Cir. July 17, 1981), on the basis that an en banc decision by the Court was required to overrule Helco. However, the Tradewinds majority suggested, and the dissent clearly stated, that if it were not for Helco, the Third Circuit would affirm the V.I.

---

[1] Section 94, the venue provision for national banks, requires that:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases. 12 U.S.C. § 94 (1945).

District Court's ruling and permit a national bank to be sued, not only where it is chartered, but also where it operates and maintains a branch.

 In light of the Third Circuit's apparent eagerness to be afforded an opportunity to overrule Helco, this Court considered the possibility of transferring the case to Territorial Court, insofar as a bank may now be sued in a state court where a bank's branch is located. Citizen & Southern National Bank v. Bougas, 434 U.S. 35, 37–39 (1977). Consequently, at oral argument of defendant's motion on March 10, 1982, the parties were requested to brief the question of whether the Territorial Court is a state court for purposes of state court venue under § 94.

 After carefully reviewing the existent case law and plaintiffs' memorandum,[2] this Court has chosen not to rule on the issue of whether the Territorial Court constitutes a state court wherein proper venue would lie pursuant to § 94.[3] Our decision is guided by the Third Circuit's seemingly unequivocal statement in Tradewinds, that in the Virgin Islands "there is, *of course*, no state court system". Tradewinds, slip opinion at 10 (emphasis supplied).

Admittedly, the lengthy footnote to that statement, explaining that the Territorial Court has "never been held to be the equivalent of a state court", does suggest the possibility that the Territorial Court may, in fact, be a state court and is only awaiting the stamp of judicial recognition.[4] However, we think that the better reasoned approach is to accord the statement in the text of the Tradewinds opinion greater weight than supplemental information included in the footnote. See Burak v. Pennsylvania, 339 F.Supp. 534, 526 (E.D. Pa. 1972).

---

[2] In the two cases cited by plaintiffs in their Supplemental Memorandum, the Territorial Court in Guam and the Territorial Court in the Virgin Islands were found to be state courts for purposes of 18 U.S.C. § 1442, the federal officer removal statute. Abrams v. Playle, 414 F.Supp. 634, 636 (D. Guam 1976); Government of the Virgin Islands v. May, 384 F.Supp. 1035, 1038 (D.V.I. 1974). These cases are not persuasive authority in the present instance, however, since the "state court" finding was expressly limited to the removal of criminal cases under § 1442. In addition, removal of the actions was from state to federal court (not vice versa) and was based on a strong public policy against the United States being forced to defend suits in local forums.

[3] Counsel for plaintiffs has regretfully conceded that the Territorial Court is not a state court for purposes of § 94 and therefore would have no jurisdiction in this case. Plaintiffs' Supplemental Memorandum at 1.

[4] Tradewinds, slip opinion at 10 n.8.

The conclusion that naturally flows from such a reading is that at the present time the Territorial Court cannot be assumed to be a state court. It is dubious that the Third Circuit, in regretting the "unfair consequences" suffered in the Virgin Islands by virtue of the Helco decision, coupled with the acknowledged lack of a state court system, intended that the problem be remedied by this Court's finding the existence of a state court system in the Territorial Court.

In light of the above, we decline to pass on the question of whether the Territorial Court is a state court since it is not our intention to try and circumvent Helco through a back door approach. Rather, this Court will dismiss the action for improper venue, pending the anticipated overruling of Helco by the Third Circuit sitting en banc.

## ORDER

For the reasons stated in the foregoing memorandum opinion, it is hereby

ORDERED:

THAT defendant's motion to dismiss be, and hereby is, GRANTED and the action is DISMISSED.