**Jehan Zeb MIR, Plaintiff/Appellant,**

v.

**Richard G. FOSBURG, Perry Ah-Tye, and Horrace Warden, Defendants/Appellees.**

No. 78–1103.

United States Court of Appeals, Ninth Circuit.

Jan. 22, 1980.

As Amended on Denial of Rehearing July 24, 1980.

Allen M. Gruber, Freeman & Gruber, San Diego, Cal., for plaintiff-appellant.

John Neece, Asst. U. S. Atty., San Diego, Cal., argued for defendants-appellees; Donald F. Shanahan, Asst. U. S. Atty., San Diego, Cal., on brief.

Before CHAMBERS, WALLACE and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

When the confusion engendered by both parties' presentation is eliminated, this appeal presents two principal issues: (a) whether a district court has subject matter jurisdiction over a suit commenced in state court and removed by federal defendants pursuant to 28 U.S.C. § 1442a,[1] it being conceded the action would not lie in the federal courts as an original matter since the pleadings alleged only state grounds; and (b) whether federal executive officers are absolutely immune from state-law tort actions.

Plaintiff originally filed suit in the Superior Court in and for the County of San Diego, State of California. Plaintiff and all the defendants were military officers in the United States Navy. Plaintiff alleged that his termination from the Thoracic Surgery Program at the Balboa Naval Hospital was wrongful. As developed in the early proceedings of this case, his claim was based on three separate state law theories: wrongful interference with practice of his profession; defamation; and intentional infliction of emotional distress. Defendants successfully removed the action to federal court pursuant to 28 U.S.C. § 1442a, alleging they were members of the armed forces and that the suit arose from acts authorized by federal law, done under color of their office.

The district court eventually dismissed the case, relying on the immunity doctrine stated in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). On appeal, this court vacated and remanded for further consideration in light of *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). On remand, defendants filed a motion for summary judgment, which was denied by the district court. After about one and one-half years of slow-paced discovery, the district court dismissed the complaint on April 20, 1977 for lack of subject matter jurisdiction, but granted plaintiff leave to amend. Plaintiff's

---

1. 28 U.S.C. § 1442a provides:

    A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

amended complaint failed to allege any federal question basis for jurisdiction, and the district court dismissed the complaint with prejudice on August 5, 1977. On August 15, 1977, plaintiff moved to set aside the court's order and sought leave to file an amended complaint, which finally alleged violation of various federal statutes. *See* Fed.R.Civ.P. 15(a), 59, 60. The court denied plaintiff's motion.

## A. *Timeliness*

Before turning to the merits of this appeal, we first address the timeliness of the appeal to this court. Following the district court's dismissal of appellant's action with prejudice, appellant filed a motion which in effect sought to vacate that order and permit the filing of another amended complaint. The motion (both in district court and here) has repeatedly been characterized as one under rules 59(b) and 60(b) of the Federal Rules of Civil Procedure. The district judge considered the motion as one under rule 60 and denied relief. Presumably he ignored rule 59(b) as it deals with motions for new trial and would be inappropriate in this case.

■ The only notice of appeal was filed within thirty days after the filing of the order denying the post-judgment relief. If the motion were indeed only under rule 60, the appeal would not be timely and we would have no jurisdiction. Motions under rule 60 (unlike those under rule 59) do not toll the time in which to take an appeal under Fed.R.App.P. 4.

■ Appellant now argues that the motion was intended to be one under rule 59(e), which would be a proper vehicle by which to seek vacation of the order of dismissal and obtain leave to file another amended complaint. *Wilburn v. Pepsi-Cola Bottling Co.*, 492 F.2d 1288 (8th Cir. 1974). We will so construe it. *See Sea Ranch*

*Ass'n v. California Coastal Zone Conservation Commissions*, 537 F.2d 1058, 1061 (9th Cir. 1976). The motion was filed within the time required by rule 59 so as to toll the time for taking an appeal under Fed.R. App.P. 4(a). We therefore have jurisdiction to consider the appeal on the merits.

## B. *Jurisdiction*

The jurisdictional issue in this case is controlled by the undisputed circumstance that defendants fall within the category of persons entitled under 28 U.S.C. § 1442a to remove to a federal forum an action properly commenced in a state court.

■ Our holding can be stated simply: unlike removal pursuant to 28 U.S.C. § 1441,[2] a district court has jurisdiction to hear an action removed pursuant to 28 U.S.C. § 1442a even if the initial action could not have been commenced by the plaintiff in a federal forum. The district court's dismissal of plaintiff's complaint on this ground was therefore improper.

As noted by the Supreme Court in *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969), one of the principal purposes of the removal statute was to prevent federal officers acting under color of their authority from being sued in state courts. *See Tennessee v. Davis*, 100 U.S. 257, 263, 25 L.Ed. 648 (1880). After surveying the statute's history, the Court stated:

> For this very basic reason, the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act "under color" of federal office, regardless of whether the suit could originally have been brought in a federal court.

Since we perceive no relevant distinction in this context between section 1442 and 1442a,[3] we are bound by *Willingham*.

**2.** 28 U.S.C. § 1441(a), for example, provides:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defend-

ants, to the district court of the United States for the district and division embracing the place where such action is pending.

**3.** 28 U.S.C. § 1442 provides:
(a) A civil action or criminal prosecution commenced in a State court against any of

Even were we not bound by the Court's statement, our conclusion finds support in the prior cases which have considered the issue before us. *See, e. g., State of North Carolina v. Carr*, 386 F.2d 129 (4th Cir. 1967); *Poss v. Lieberman*, 299 F.2d 358, 359 (2d Cir. 1962), *cert. denied*, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962); *Sarner v. Mason*, 228 F.2d 176 (3d Cir. 1955), *cert. denied*, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956); *Lindy v. Lynn*, 395 F.Supp. 769, 771 (E.D.Pa.1974), *aff'd mem.*, 515 F.2d 507 (3d Cir. 1975); *Special Prosecutor v. United States Attorney*, 375 F.Supp. 797, 800–01 (S.D.N.Y.1974); *United States v. Penney*, 320 F.Supp. 1396 (D.D.C.1973). *See also* Wright, Miller & Cooper, *Federal Practice and Procedure* § 3727 at 691–92 (1976). One of the principal aims of the removal section is to allow the merits of federal defenses, such as the immunity defense in this suit, to be tried in a federal court where the defendant so desires. This goal would be substantially impaired if the district court had jurisdiction only where the plaintiff's claim was based on a federal question or the existence of diversity of citizenship. Similarly, we doubt that the statutory language permitting removal of criminal prosecutions commenced in state court was intended to refer only to prosecutions based on violations of federal statutes. Congress plainly has the power to permit suits such as the instant case to be heard in a federal court, and we conclude they have done so in section 1442a.

Some of the cases relied on by the United States Government are distinguishable as involving a district court's original jurisdiction. In *Martin v. Wyzanski*, 262 F.Supp. 925 (D.Mass.1967), for example, the plaintiff filed a suit for libel in the district court. When the federal defendants moved to dismiss, plaintiff relied on section 1442. The court properly noted that section 1442 does not enlarge the original jurisdiction of district courts, *id.* at 927, and it dismissed the case for lack of jurisdiction. Far from supporting the Government's position, the court's discussion supports the conclusion we reach. For example, the court stated:

> That the cause of action is concerned with state law and not federal law is shown by the fact that removal could be had under the provisions of 28 U.S.C. § 1442 in a similar case filed in state court only because the interposition of a federal defense would make the case one "arising under" the Constitution or laws of the United States.

Similarly inapposite are cases such as *Gleason v. United States*, 458 F.2d 171, 174–75 (3d Cir. 1972), which hold that where a state court does not have jurisdiction over the plaintiff's complaint, removal from the state court to the federal court will not cure the jurisdictional defect. *Cf. Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939). The Government does not argue on this appeal that the state court was originally without jurisdiction to hear plaintiff's state court theories. The grounds of the district court's dismissal, de-

the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

(3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;

(4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

(b) A personal action commenced in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State, wherein jurisdiction is obtained by the State court by personal service of process, may be removed by the defendant to the district court of the United States for the district and division in which the defendant was served with process.

Although it is not necessary to so hold, we think our analysis applies with equal force to actions removed pursuant to section 1442.

fended by the Government on this appeal, were that there is no federal question or diversity jurisdiction. Rejecting the Government's argument, we hold the district court had jurisdiction to hear the case.

### C. *Immunity*

■ It seems the Government's proffer of the meritless jurisdictional argument resulted from its confusion between a district court's jurisdiction to hear an action and the existence of an absolute immunity defense against plaintiff's claims. Although the only reference to such an immunity was an offhand remark by the Government at oral argument, and we did not address the issue squarely when this case was here before, it appears that the defendants may be entitled to absolute immunity from damage claims grounded either in state statutes or state common law. *See, e. g., Miller v. DeLaune,* 602 F.2d 198 (9th Cir. 1979); *Clifton v. Cox,* 549 F.2d 722 (9th Cir. 1977); *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The Supreme Court recently suggested that this rule had not been altered by intervening decisions such as *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). *See also Ferri v. Ackerman,* 444 U.S. 193–, 204 & n.22, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979).

The district court's denial on January 10, 1975, of the defendant's motion for summary judgment was a holding that if the qualified immunity doctrine announced in *Scheuer* was applicable to the case, plaintiff was entitled to proceed with the litigation. *Scheuer* would be a relevant precedent if plaintiff is allowed to advance federal constitutional claims; it appears to have less relevance if only state-law claims are before the court.

Therefore, if the only claims asserted by plaintiff are state tort claims, defendants may be entitled to summary judgment. We emphasize, however, that defendants would prevail not because the district court lacks jurisdiction, but rather because they have a defense to the claims. Plaintiff claims that absolute immunity applies only if the district court finds that defendants were acting within the outer perimeter of their duties when they performed the complained of acts. These are issues for the district court to address in its further proceedings.

■ At a late stage of these appeal proceedings the plaintiff advances the theory that his Amended Complaint states facts showing that he is entitled to recover under a federal theory. He mentions *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 42 U.S.C. §§ 1981, 1985, and 1986. He claims that no amendment is needed, since the complaint already stated federal constitutional causes of action. Despite the fact that the plaintiff continually represented explicitly to the defendants and district court that he sought recovery on state law grounds only, and despite his failure to accept the district court's invitation to indicate more clearly that he sought relief on federal theories as well, plaintiff now apparently seeks a ruling that he is entitled to proceed on federal as well as state theories. He argues that the question whether federal constitutional claims have been stated in his amended complaint is a question of law and is squarely presented on this appeal. We disagree.

The district court dismissed plaintiff's complaint because it showed no basis for subject matter jurisdiction. We have held that even if the plaintiff sought recovery on state law grounds only, the district court had jurisdiction to consider these claims. This is an entirely sufficient basis for reversing the judgment of the district court. Whether plaintiff should be allowed to proceed on federal theories is not before us. Plaintiff agrees that the district court did not decide whether plaintiff's complaint stated facts showing a claim for relief under federal theories. It is inappropriate for us to decide this question before the district court has had an opportunity to rule on it.

■ Failure to allege specifically the statute conferring jurisdiction is not always fatal to an action if the facts showing juris-

diction appear in the complaint, *see, e.g., Andrus v. Charlestone Stone Products Co.,* 436 U.S. 604, 607–08 n.6, 98 s.Ct. 2002, 2004–05 n.6, 56 L.Ed.2d 570 (1978); *Fidelity & Casualty Co. v. Reserve Insurance Co.,* 596 F.2d 914, 918 (9th Cir. 1979); *Harary v. Blumenthal,* 555 F.2d 1113 (2d Cir. 1977). *See also* C. Wright & A. Miller, Federal Practice & Procedure § 1209–1210 (1969). We are also aware of the general principle that

> The federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.

C. Wright and A. Miller, Federal Practice & Procedure § 1219 at 145. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also* 2A Moore's Federal Practice ¶ 8.14, 8.17[2] (1979). *Cf. Tigue v. Swaim,* 585 F.2d 909, 913 (8th Cir. 1978). On the other hand, the posture of this case is somewhat unique in that the dismissal of plaintiff's amended complaint came after several years of proceedings. At some point, a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible grounds for relief and should be considered. *See, e.g., Komie v. Buehler Corp.,* 449 F.2d 644, 647–48 (9th Cir. 1971); *Mooney v. Vitolo,* 435 F.2d 838 (2d Cir. 1970). *See generally* C. Wright & A. Miller, *supra* § 1487; *Armstrong Cork Co. v. Lyons,* 366 F.2d 206 (8th Cir. 1966). Allowing plaintiff Mir to proceed on federal theories does not, therefore, involve purely a question of law, even if the issue was before us. The district court has discretion in deciding whether "the late shift in the thrust of the case" will unfairly prejudice the defendants in their defense. *See* C. Wright & A. Miller, *supra* § 1219 at 145, and we review such a determination under the abuse of discretion standard. This principle also finds expression in the rule that a district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims. *See, e.g., Komie, supra; Mooney, supra; Safeway Stores v. Fannan,* 308 F.2d 94 (9th Cir. 1962); *Walker v. Bank of America National Trust & Savings Assoc.,* 268 F.2d 16 (9th Cir. 1959), *cert. denied,* 361 U.S. 903, 80 S.Ct. 211, 4 L.Ed.2d 158 (1959).

We are aware that this case has now been before this court twice, and our dispositon today means that it could conceivably be appealed a third time. Further procedings are necessary, however, to restore the issues in this case.

REVERSED IN PART, VACATED IN PART, and REMANDED for further proceedings.