990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vern W. ENGLERT, Plaintiff-Appellant,
v.
SMALL BUSINESS ADMINISTRATION, Defendant-Appellee.
 No. 92-16849.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vern W. Englert appeals pro se the district court's order dismissing his employment discrimination action against the Small Business Administration. Englert alleged that he was mistreated and terminated because of discrimination based upon his handicap in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 To preserve an appeal of the underlying judgment, a notice of appeal must be filed within sixty days after the date of entry of the judgment. Fed.R.App.P. 4(a)(1); see also United States v. Nutri-Cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). The time limitations of Rule 4(a) are " 'mandatory and jurisdictional.' " Cel-A-Pak v. California Agr. Labor Relations Bd., 680 F.2d 664, 666 (9th Cir.), cert. denied, 459 U.S. 1071 (1982) (quoting Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 264 (1978)). "Failure to timely file a notice of appeal must result in dismissal for lack of appellate jurisdiction." Id. at 666.
 
 
 4
 A motion for reconsideration under Fed.R.Civ.P. 59 tolls the time limit for appealing the underlying judgment. Fed.R.App.P. 4(a)(4). In a Rule 59 motion, "where the United States is a party, a notice of appeal must be filed within sixty days of the order disposing of the motion." Nutri-Cology, 982 F.2d at 396-97. A Rule 60(b) motion, however, does not toll the time for filing a notice of appeal. Id. at 397; see also Mir v. Fosburg, 646 F.2d 342, 344 (9th Cir.1980).
 
 
 5
 On July 30, 1992, the district court entered an order dismissing Englert's action with prejudice. On August 6, 1992, Englert filed a motion to reopen the case and proceed with a scheduling conference. Englert did not indicate which Federal Rule of Civil Procedure governed his motion. The district court treated it as a motion for reconsideration. On August, 10, 1992, the district court denied the motion for reconsideration. Between August 19, 1992 and September 9, 1992, Englert filed at least three additional motions for reconsideration which the district court denied. On October 27, 1992, Englert filed his notice of appeal.
 
 
 6
 We construe the latter three motions as Rule 60(b) motions because each was untimely under Rule 59. See Straw v. Bowen, 866 F.2d 1167, 1171-72 (9th Cir.1989). The Rule 60(b) motions did not extend the deadline for filing a timely appeal under Fed.R.App.P. 4(a)(4). See Nutri-Cology, 982 F.2d at 397.
 
 
 7
 Englert filed his first motion for reconsideration within ten days of the district court's order dismissing the action with prejudice. Therefore, we construe it as a motion properly brought under Rule 59(e). See id. Because Englert filed his notice of appeal over sixty days after the order denying the Rule 59(e) motion, the notice of appeal is untimely. See id.; see also Fosburg, 646 F.2d at 344. Accordingly, we lack jurisdiction to consider the underlying judgment. See Cel-A-Pak, 680 F.2d at 669.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3