64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles FOWLER, Jr., Plaintiff-Appellant,
v.
AT & T CORP.; Ed Wall; Bob Alvarez, Defendants-Appellees.
 No. 94-55333.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1995.
Decided Aug. 18, 1995.
 
 Before: THOMPSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Fowler, Jr. appeals the district court's denial of his motion for leave to amend his first amended complaint in his action against American Telephone and Telegraph Co., Ed Wall and Bob Alvarez (collectively AT & T). We affirm.
 
 
 3
 Fowler's notice of appeal was timely filed. After the district court granted summary judgment on August 30, 1993, Fowler served a Federal Rule of Civil Procedure 59(e) motion on September 14, 1993. Although the motion was not filed until September 27, it was still timely because (1) Rule 59(e) contains a service, not a filing, deadline, and (2) Rule 6(a) excludes weekends and holidays in calculating the timeline for 10-day limits like that of Rule 59(e). Consequently, the motion tolled the time for filing a notice of appeal. Fed.R.App.P. 4(a)(4). The ultimate notice of appeal was filed on the first business day after what would have been the 30th day following the district court's denial of the motion. See Fed.R.App.P. 26(a).
 
 
 4
 We have jurisdiction over the district court's August 30, 1993 order denying Fowler's motion for leave to amend. Although that order is not specifically mentioned in Fowler's notice of appeal, AT & T knew of Fowler's intent to appeal the order and fully briefed the leave-to-amend issue. AT & T was not prejudiced or misled. The appeal from the August 30, 1993 order, therefore, is properly before this court. See United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir.1983), cert. denied, 464 U.S. 1071 (1984).
 
 
 5
 We review for abuse of discretion a district court's denial of a request for leave to amend a complaint. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir.1993), cert. denied, 114 S.Ct. 924 (1994). In determining whether the district court abused its discretion, we consider prejudice to the opposing party, futility of the proposed amendment, bad faith and undue delay. Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir.1991); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Another factor occasionally considered is whether the plaintiff has previously amended his complaint. DCD Programs, 833 F.2d at 186 n. 3. A district court's discretion is especially broad when the court has already given a plaintiff one or more opportunities to amend his complaint. Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir.1980).
 
 
 6
 The district court did not make written findings in support of its order denying leave to amend, however, the reasons for its denial are "readily apparent" from the record; accordingly, written findings are not required. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1319 (9th Cir.1984).
 
 
 7
 For purposes of this disposition, we assume the amendment proposed by Fowler would not have been futile and that there was no undue delay in seeking leave to amend. Were we to consider only these factors, we might conclude that the district court abused its discretion in denying Fowler leave to amend. These are not the only factors, however.
 
 
 8
 Had the court granted leave to amend, AT & T would have suffered some prejudice. Fowler's deposition had been taken, but at that time the claims in his original complaint were unclear and wide-ranging. The proposed amendment would have asserted specific claims which would require AT & T to conduct additional discovery which would not have been necessary had the claims been properly alleged at the outset.
 
 
 9
 Most important, the record in this case indicates Fowler's bad faith throughout this litigation. His counsel failed to appear at two status conferences for which he and his client were sanctioned a total of $1,607. Despite the district court's orders that these sanctions be paid promptly, there were not. They were paid by Fowler's counsel approximately nine months after the original sanction order. An earlier attempt at payment failed when counsel's check bounced.
 
 
 10
 The first complaint Fowler filed was so deficient the district court ordered that it be amended. In amending the complaint, Fowler alleged only a claim under the Americans with Disabilities Act, 42 U.S.C. Sec. 12101, et seq. (ADA). Although his counsel claims he inadvertently dropped the other claims from this amended complaint, counsel signed the amended complaint and at oral argument it became clear he chose to amend the complaint as he did for the purpose of focusing on the alleged violation of the ADA. As it turned out, however, the conduct on which Fowler based his ADA claim occurred prior to the effective date of the Act. Some research and preliminary investigation would have revealed this defect, with the likely result that the claim would not have been filed and AT & T would not have had to respond by a motion for summary judgment.
 
 
 11
 We have carefully considered the record in this case and all of the factors bearing upon the district court's denial of Fowler's request for leave to amend. On this record, we cannot say the district court abused its discretion.
 
 AFFIRMED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Fowler's notice of appeal indicated he also appealed the district court's summary judgment in favor of AT & T and the court's denial of his motion for relief from judgment and request for remand, Fowler has not pursued those issues in this appeal. Accordingly, we do not consider them