117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KARLIN TECHNOLOGY, Inc.; Gary Karlin MICHELSON, M.D.,
Plaintiffs-Appellants,
v.
SPINE-TECH INC., Defendant-Appellee.
 No. 96-55318.
 United States Court of Appeals, Ninth Circuit.
 Decided July 3, 1997.
Argued and Submitted June 4, 1997
 
 Before: SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Karlin Technology, Inc. and Gary Michelson, M.D., appeal from the district court's judgment granting judgment in favor of defendant, Spine-Tech Inc. The district court granted judgment on the pleadings on Karlin's Declaratory Judgment Act claim and granted summary judgment on Karlin's tortious interference and unfair competition claims. Karlin also appeals the district court's denial of its motion for leave to file a third amended complaint. We affirm.
 
 
 3
 Karlin first challenges the district court's holding that Count II of the Second Amended Complaint is essentially a patent dispute. Although the district court may have been incorrect in analogizing the action to an infringement action, see Spectronics Corp. v. H.B. Fuller Co., Inc., 940 F.2d 631, 636 (Fed.Cir.1991); cf. Becher v. Contoure Laboratories, Inc., 279 U.S. 388, 391 (1929), the district court had the discretion to decline jurisdiction in favor of Patent Office proceedings. See Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2140-43 (1995).
 
 
 4
 On its claim of intentional interference with prospective economic advantage, Karlin claims that the record contains triable issues with respect to Spine-Tech's interference with Karlin's negotiations with Danek. We disagree. Karlin asserts that Spine-Tech's patent application was made with the intent to interfere with those Danek negotiations, but the patent application was made months before Spine-Tech could have known that the Zimmer co-license had been terminated or that Danek negotiations would ensue. The patent application could not have constituted intentional tortious interference with those negotiations. See Ramona Manor Convalescent Hosp. v. Care Enters., 225 Cal.Rptr. 120, 124 (Cal.Ct.App.1986).
 
 
 5
 Karlin also relies upon alleged statements by Spine-Tech's counsel concerning Karlin's ability to substitute Danek for Zimmer in all countries. There is no indication in the record that these statements were made in any context other than Spine-Tech's licensing disagreement with Karlin. See Computer Place, Inc. v. Hewlett-Packard Co., 607 F.Supp. 822, 835 (N.D.Cal.1984), affm'd, 779 F.2d 56 (9th Cir.1985).
 
 
 6
 The district court also correctly ruled that there was no genuine issue of material fact as to Karlin's claim of unfair competition. Under California law, unfair competition is not limited to "passing off one's goods as the goods of another." See Bank of the West v.Super. Ct., 833 P.2d 545, 551 (Cal.1992). Yet Karlin never asserted a claim for misappropriation of trade secrets, breach of confidentiality, or statutory unfair competition. While Karlin could have asserted such claims, he did not endeavor to do so until his motion to file a third amended complaint. That motion was filed two years after the litigation began, and the district court did not abuse its discretion in denying it. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798-99 (9th Cir.1991); see also Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir.1980).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3