STUDENT LOAN MARKETING
ASSOCIATION, Plaintiff,

v.

Kathryn Jane HANES aka Kathy J.
Hanes, Does 1–10, Defendants.

Kathy–Jane: HANES, Cross–Plaintiff,

v.

STUDENT LOAN MARKETING ASSOCI-
ATION (Sallie Mae), Donna: Shalala,
Kevin–M. Manz; Kathleen McCan,
Lender Bank as Doe # 1; Bank: Audi-
tor as Doe # 2, and Does 3–20, inclusive,
Cross–Defendants.

Civ. No. 98–0734–B (JFS).

United States District Court,
S.D. California.

Aug. 24, 1998.

George L. Cohn, Redondo Beach, CA, for Plaintiff and Cross–Defendant Manz.

Robert H. Plaxico, Assistant United States Attorney, for Cross–Defendant Shalala.

Kathryn Hanes, pro se.

ORDER (1) DENYING DEFENDANT HANES' MOTION TO STRIKE, (2) DENYING HANES' MOTION FOR A MORE DEFINITE STATEMENT OR FOR JUDGMENT ON THE PLEADINGS, (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (4) DENYING PLAINTIFF'S ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION, (5) GRANTING CROSS–DEFENDANT SALLIE MAE'S MOTION TO DISMISS CROSS–COMPLAINT, (6) GRANTING CROSS–DEFENDANT MANZ' MOTION TO DISMISS CROSS–COMPLAINT, (7) GRANTING CROSS–DEFENDANT SHALALA'S MOTION TO DISMISS CROSS–COMPLAINT, (8) DENYING CROSS–DEFENDANT SHALALA'S MOTION FOR SUMMARY JUDGMENT, (9) GRANTING SHALALA'S MOTION TO STAY DISCOVERY, AND (10) DENYING HANES' DEMAND FOR NAMES OF DOES

BREWSTER, Senior Judge.

## I. Background

During the mid–1980s, Defendant Hanes entered into four Health Education Assistance Program ("HEAL") loan agreements with a lender to pay for her educational expenses. The lender subsequently sold these student loans to Plaintiff Student Loan Marketing Association ("Sallie Mae"), a statutorily-created private corporation. *See* 20 U.S.C. § 1087–2. On March 20, 1994, Hanes consolidated her student loans into a single loan by signing a promissory note (hereinafter, the "Note") with Sallie Mae for a loan consolidation. On April 28, 1994, Sallie Mae disbursed the consolidated loan funds in the amount of $19,943.75, and, pursuant to the

terms of the Note, paid in full Hanes' outstanding balances on her four HEAL loans.

After a payment made by Hanes to Sallie Mae on January 13, 1997, Sallie Mae claims that Hanes became delinquent in her repayment obligations under the Note.[1] (Holloway Declaration, ¶ 11). No further payments on the Note have been received by Sallie Mae, leaving a present balance, including interest due, of $24,361.83, as of August 24, 1998.[2] On February 17, 1998, Sallie Mae timely brought suit in California Superior Court against Hanes based on her alleged failure to make student loan payments under the Note. Defendant demurred and filed, pursuant to Cal.Code Civ.P. § 428.10, a cross-complaint against Sallie Mae, Donna Shalala, Kevin Manz, Kathleen McCan, and Does 1–20 alleging breach of promissory notes, unconscionability, fraud, larceny, conversion, and unjust enrichment. Only Sallie Mae, Shalala and Manz have been served with this cross-complaint. Because the cross-complaint was filed in state court, the Court will use the state-law term "cross-complaint" to describe this pleading, and it will refer to Sallie Mae, Shalala and Manz as Cross–Defendants.

Cross–Defendant Shalala, who is the Secretary of the United States Department of Health and Human Services, properly removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1). Several motions have been filed: (1) Hanes' motion to strike Sallie Mae's and the Cross–Defendants' pleadings; (2) Hanes' motion for a more definite statement, or in the alternative, for judgment on the pleadings; (3) Sallie Mae's motion for summary judgment, or, in the alternative, for summary adjudication of liability as to the first cause of action of its complaint; (4) Sallie Mae's motion to dismiss Hanes' cross-complaint against it; (5) Manz' motion to dismiss Hanes' cross-complaint against him; (6) Shalala's motion to dismiss

---

1. According to the Holloway Declaration, Hanes has been delinquent in her repayment of the loan since January 1, 1997. However, because she made a payment on January 13, 1997, the Court will use the balance as of the January 13, 1997 payment for determining damages. On that date, the principal balance on the Note was $21,504.15. The balance was greater than the

original balance because of capitalized interest, which is provided for in the promissory agreement and is authorized by 42 U.S.C. § 292d(a)(2)(D).

2. See section V(B)(3) of this order for calculation of the balance.

the cross-complaint against her, or in the alternative, for summary judgment, (7) Shalala's motion to stay discovery; and (8) Hanes' demand for the names of the Does named in her cross-complaint.

## II. Jurisdiction and Choice of Law

█ Cross–Defendant Shalala, who is the United States Secretary of the Department of Health and Human Services, removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1), which provides that an officer of the United States may remove any civil or criminal action filed against her in state court for any act under color of such office. A federal court has jurisdiction over such actions, regardless of the presence of federal question or diversity jurisdiction. *See Mir v. Fosburg,* 646 F.2d 342, 344 (9th Cir.1980). The invocation of removal jurisdiction by a federal officer does not revise or alter the underlying law to be applied. Therefore, the Federal Rules of Civil Procedure and California substantive law will apply. *See Arizona v. Manypenny,* 451 U.S. 232, 241–243, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). *See also* 28 U.S.C. § 1652 ("The laws of the several states, except where [federal law otherwise requires], shall be regarded as rules of decision in civil actions...."); *see also* Fed.R.Civ.P. 81(c) (The federal rules "apply to civil actions removed to the United States district courts from state courts and govern procedure after removal.")

## III. Hanes' Motion to Strike

Hanes moves the Court to strike "Defendants' Student Loan Marketing Association, Donna Shalala, Kevin Manz, Kathleen McCan, Lender Bank Doe #1, and Bank Auditor Doe #2's Motion to Dismiss the Cross–Complaint, pursuant to [Fed.R.Civ.P.] 12(f)(g)(h)(*l*)" [sic] on the grounds of insufficiency of defense, untimeliness, failure to state a claim upon which relief can be granted, and scandalousness.

█ Motions to strike are disfavored and are rarely granted. *See* 5A Wright & Miller, Federal Practice and Procedure, § 1380 *et seq.* The Court finds no justification for striking any of the motions filed by the

Cross–Defendants. Hanes' motion to strike is denied.

## IV. Hanes' Motion for More Definite Statement or Judgment on the Pleadings

█ Hanes' "motion" includes only a notice of motion and exhibits. She does not specify which pleadings she believes are inadequate, or whether the motion seeks judgment on the pleadings as to Sallie Mae's complaint or to her cross-complaint. The moving papers do not make any legal argument, and Hanes has not provided any sworn statements to support the motion. The Court finds that all pleadings filed by Sallie Mae and the Cross–Defendants are pled adequately, so Hanes' motion for a more definite statement is denied. Hanes has not established that she is entitled to judgment as a matter of law, so her motion for judgment on the pleadings is denied.

## V. Sallie Mae's Motion for Summary Judgment

### A. Standard of Law for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering whether summary judgment is appropriate, the Court should draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court should then ask whether evidence has been presented that would allow a reasonable jury to find for the non-moving party. *Id.* at 249–52, 106 S.Ct. 2505. If the Court finds that no reasonable fact-finder could, considering the evidence presented by the non-moving party and the inferences therefrom, find in favor of that party, summary judgment is warranted.

## B. Plaintiff's Complaint

To review Plaintiff's motion for summary judgment, the Court takes judicial notice of Plaintiff's complaint as filed in state court and as provided to this Court by Sallie Mae.[3] Plaintiff's complaint alleges six causes of action: (1) breach of the written promissory note, (2) money lent, (3) money had and received, (4) account stated, (5) open book account, and (6) unjust enrichment.

### 1. Breach of the Promissory Note

■ Under California law, the elements required to establish actionable breach of contract are the existence and terms of the contract, plaintiff's performance, defendant's breach, and damages therefrom. *M. G. Chamberlain & Co. v. Simpson*, 173 Cal. App.2d 263, 274, 343 P.2d 438 (1959). The promissory note (hereinafter, the "Note"), provided as an exhibit to Plaintiff's motion, is clearly an enforceable contract. Defendant signed the Note, and Plaintiff provided consideration, among other ways, by agreeing to disburse funds on behalf of Defendant to pay Defendant's four HEAL loans. Plaintiff performed its obligations under the contract by disbursing said funds, and Defendant breached the Note by failing to make payments on the Note after January 13, 1997. Plaintiff has suffered and will continue to suffer damages from Defendant's breach because it has lent money to Defendant for which it is receiving neither interest nor return of principal.

■ Defendant has not provided any evidence that would permit a reasonable jury to find that Plaintiff has not established all of the elements of a breach of contract action. She has not filed any sworn statements to refute the evidence offered by the Holloway Declaration offered by Sallie Mae. Instead, she appears to argue that summary judgment is not warranted because of claims raised in her cross-complaint. However, such claims will be addressed separately and are not relevant to Plaintiff's motion for summary judgment on its complaint.[4] Plaintiff has established that no material disputes of fact remain and that it is entitled to judgment as a matter of law as to its first cause of action.

### 2. Other Causes of Action

The remaining allegations in Plaintiff's complaint require the same elements and seek the same remedies as Plaintiff's breach of contract claim, and are therefore subsumed in the Court's analysis of Plaintiff's first cause of action. The Court therefore grants summary judgment on all causes of action.

### 3. Damages

Damages for breach of a promissory agreement is the amount due by the terms of the obligation, with interest thereon. Cal. Civ.Code § 3302. Furthermore, the terms of the Note provide that "[i]n the event of [borrower's] default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable." As of the January 13, 1997 date on which Hanes made her final payment, the principal balance on the Note was $21,504.15. Between January 13, 1997 and August 24, 1998, the date of this judgment, the Court calculates interest in the amount of $2857.68, based upon 588 days at $4.86 per day as provided in the Holloway Declaration at ¶ 14. Therefore, Plaintiff's contract damages are $24,361.83. Interest from the date of judgment forward will accrue according to law.

### 4. Costs and Attorneys Fees

■ Under California law, courts will enforce contract provisions providing for rea-

---

3. Because this action was removed to federal court on the basis of the cross-complaint against Secretary Shalala, the removing party was not required, and did not, attach a copy of the original complaint to the notice of removal.

4. When a party mistakenly designates defenses a counterclaim, Rule 8(c) of the Federal Rules of Civil Procedure directs a court to treat the counterclaim as a defense when justice so requires. The Court declines to so construe Hanes' cross-complaint because Hanes would still have failed to create a material issue of fact that would cause the Court to withhold the entry of summary judgment for Plaintiff. See footnotes 6 and 7.

sonable attorney's fees to the prevailing party in the event of a breach. However, Plaintiff has not identified to the Court the relevant provision of the Note that permits the award of reasonable attorney's fees. Therefore, Plaintiff's request for attorney's fees is denied without prejudice.

If Plaintiff wishes to seek reasonable attorney's fees, it must establish that the award of fees was agreed to in the Note, and Plaintiff's counsel must provide sufficient documentation to support a finding that its fee was reasonable. Counsel should provide (1) contemporaneous billing· records, (2) counsel's hourly rate, and (3) evidence that this rate is reasonable for an attorney with counsel's skill and experience practicing in southern California.

Plaintiff may file a bill of costs with the Clerk of Court.

### 5. Conclusion

The Court grants summary judgment to Plaintiff Sallie Mae and orders the Clerk of Court to enter judgment for Sallie Mae in the amount of $24,361.83, plus costs. Pursuant to Fed.R.Civ.P. 54(b), the Court orders an immediate entry of final judgment for Sallie Mae on its complaint. The Court finds that there is no just reason to delay such judgment during the pendency of Hanes' cross-complaint. Fed.R.Civ.P. 54(b).

### VI. Motions to Dismiss the Cross–Complaint

#### A. Standard of Law

■ A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. The Court must accept as true the complaint's material allegations and any reasonable inferences that may be drawn from them. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). However, the Court may disregard conclusory allegations that are wholly unsupported or contradicted by the plaintiff's factual allegations. *See Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992) (citation omitted). The Court will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action. However, at least on a first dismissal, plaintiff will be permitted leave to file an amended complaint so long as it is not beyond doubt that the plaintiff can prove no set of facts that would warrant legal relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios v. Richard Feiner and Company*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citation omitted). However, a pertinent document whose contents are alleged in a complaint and whose authenticity is not questioned, but which is not physically attached to the pleading, may be considered in ruling on a motion to dismiss without converting the motion into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 453–454 (9th Cir.1994). Therefore, the Court will consider the Note, which is a pertinent document that is referenced in Plaintiff's cross-complaint and which has been provided to the Court by Sallie Mae.[5]

#### B. Sallie Mae's Motion to Dismiss Hanes' Cross–Complaint

After Plaintiff filed its complaint in California Superior Court, Defendant filed a demurrer and a cross-complaint against Plaintiff. Cal.Code Civ.P. § 428.10(a) permits a defendant to file a cross-complaint for any cause of action that he or she may have against any plaintiff.

■ Federal courts in removal cases apply federal rules of procedure, but the application of the rules can neither enlarge nor contract the rights of the parties. *Manypenny*, 451 U.S. at 241–242, 101 S.Ct. 1657. *See*

---

5. On May 19, 1998, Sallie Mae filed a copy of the promissory note. However, the document included only the initial signature page, and not the additional pages that provide many of the terms of the agreement. However, a complete copy of the Note was filed as part of the Holloway Declaration. No party has challenged the authenticity or completeness of the Note as filed with the Holloway Declaration.

*also* 28 U.S.C. § 2072 (The federal rules "shall not abridge, enlarge or modify any substantive right"). If application of a federal rule interferes with a substantive right of the party, the state procedural rule will be applied as a substantive law pursuant to 28 U.S.C. § 1652. *Compare Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (establishing same standard for diversity cases).

■ For the purposes of this case, Rule 13(b) of the Federal Rules of Civil Procedure is substantively identical to Cal.Code Civ.P. § 428.10(a), as it permits counterclaims to be filed against an opposing party for any cause of action. Therefore, because Hanes' rights are not impaired by the use of the federal rules, the Court will treat Hanes' cross-complaint against Sallie Mae as a counterclaim filed pursuant to Fed.R.Civ.P. 13(b).

Hanes' cross-complaint against Sallie Mae alleges breach of promissory notes, unconscionability, larceny, conversion, fraud, consideration had and received, and unjust enrichment.

### 1. Breach of promissory notes

■ Hanes' first cause of action in her cross-complaint is for "breach of promissory notes." Because she describes notes as plural, the Court infers that she is alleging that Sallie Mae breached the Note and the four HEAL loan promissory notes. Because the Court has already granted summary judgment to Sallie Mae on its contract with Hanes, the doctrine of *res judicata* bars any claim by Hanes that Sallie Mae breached the Note. Such claims were required to have been raised in opposition to Sallie Mae's motion for summary judgment and were thereafter waived.[6] Therefore, this claim is dismissed with prejudice.

Sallie Mae's judgment on its complaint also bars any claim that it breached its obligations pursuant to the HEAL loan promissory notes. The Court has determined, as a matter of undisputed fact and as a matter of law, that, pursuant to the Note entered into by the parties, the HEAL loan notes were extinguished when Hanes and Sallie Mae executed the Note. Therefore, to the extent that Hanes has alleged breach of the HEAL notes, such claims are dismissed with prejudice.

### 2. Unconscionable Contract

■ Hanes alleges that the Note is an unconscionable contract. A Court may elect not to enforce a contract or a term of a contract when a party thereto demonstrates that the term or terms are unreasonably favorable to the other party. See 1 Witkin, Summary of California Law, § 31 *et seq.* To the extent that unconscionability could operate as an independent cause of action (as opposed to a defense or a basis for declaratory judgment), such a claim is barred in this case by the doctrine of *res judicata,* for the reasons set forth in the dismissal of Hanes' cause of action for breach. Hanes did not raise unconscionability as a defense to Plaintiff's motion for summary judgment, either in

6. Prior to its decision to grant summary judgment to Sallie Mae, the Court reviewed Hanes' cross-complaint and found that it failed to state a claim upon which relief could be granted. Hanes argues that Sallie Mae breached its obligations under the consolidated loan note by failing to cooperate with or respond to certain requests made by Defendant, but the Court has been unable to identify any provision in the Note thereby violated. Hanes also appears to argue that she was entitled to suspend performance of her obligations under the Note pursuant to § 2–609(1) of the Uniform Commercial Code ("UCC"), codified at Cal.Comm.Code § 2609(1), which provides that "[w]hen reasonable grounds for insecurity arise with respect to the performance of either party, the other may, in writing, demand adequate assurance of due performance, and until he receives such assurance may, if commercially reasonable, suspend any performance for which he has not already received the agreed return." However, Chapter 2 of the UCC applies only to sales contracts, so this provision is inapplicable to the parties' loan agreement. Even if the provision were applicable here, Hanes has not shown that there were reasonable grounds for insecurity as to Sallie Mae's performance, and even if there were, she still would not be permitted to suspend payments because she had already received the benefit for which her obligations were created, namely the proceeds of the loan. Finally, even a proper invocation of Cal.Comm.Code § 2609(1) does not give rise to a cause of action for breach of contract; it only permits a party, under limited circumstances, to suspend some elements of performance. Therefore, Hanes' argument fails.

any pleading or by sworn statement.[7] Therefore, Hanes' second cause of action is dismissed with prejudice.

### 3. Larceny

Hanes' third cause of action is stated as a civil tort claim for larceny. In California, larceny is a crime and is not the basis for a civil cause of action. A victim of larceny may sue in tort for conversion. Because Hanes has also alleged conversion, her larceny claim is dismissed with prejudice.

### 4. Conversion

Hanes' fourth cause of action is states as a civil tort claim for conversion. "Conversion is the wrongful exercise of dominion over personal property of another." 5 Witkin, Summary of California Law, § 610 (citations omitted). "One who has neither title nor possession, nor any right to possession, cannot sue for conversion." *Id.* at § 617 (providing citations). Hanes' has not provided any factual support for her apparent allegation that she owned, possessed, or had a right to possess the Note.[8] Therefore, her conversion claim is dismissed without prejudice.

### 5. Fraud

██ The Court is unable to determine the basis for Hanes' complaint for fraud. Federal Rules of Civil Procedure 8(a) and 8(e) require, respectively, that pleadings must have a "short and plain statement of the claim" and be "simple, concise, and direct." When a complaint alleges fraud, the circumstances constituting fraud must be stated with particularity. Fed.R.Civ.P. 9(b). The purpose of these pleading requirements

is to "give defendants adequate notice to allow them to defend against the charge and to deter the filing of complaints as a pretext for the discovery of unknown wrongs." *In re Stac Electronics Securities Litigation,* 82 F.3d 1480, 1487 (9th Cir.1996) (internal quotation omitted) (explaining Fed.R.Civ.P. 9(b)).

Because Hanes' allegations are convoluted and unclear, her fraud claim is dismissed without prejudice, pursuant to Fed.R.Civ.P. 8(a), 8(e) and 9(b).

### 6. Consideration Had and Received; Unjust Enrichment

To prevail on causes of action for consideration had and received and unjust enrichment, Hanes must demonstrate that Sallie Mae received some undue benefit that should be returned to her. Plaintiff makes conclusory allegations that Sallie Mae is indebted to her in the amount of $54,585.79. However, Plaintiff provides no support for this allegation.[9] Therefore, these causes of action are dismissed without prejudice.

### 7. Conclusion

Sallie Mae's motion to dismiss the cross-complaint against it is granted. Plaintiff is granted thirty days leave to amend her cross-complaint against Sallie Mae to reallege claims that were dismissed without prejudice. Any amended cross-complaint may not state causes of action for breach of the HEAL loan notes or the Note, or any other contract causes of action based on those agreements, or larceny.

---

7. Even if the Court had construed Plaintiff's cross-complaint as a defense to Plaintiff's motion for summary judgment, Hanes did not provide any evidence that created a material dispute of fact that would disturb the Court's finding that Plaintiff was entitled to judgment as a matter of law. Plaintiff argues that the Note is an unconscionable contract because Sallie Mae "did not adhere to Federal–Reserve [sic] banking procedures" and because she was denied the opportunity to negotiate the terms of the agreement. While the Court acknowledges that Defendant may not have enjoyed equal bargaining power regarding the terms of the Note, Defendant has

not identified any provision of the agreement that is *substantively* unconscionable.

8. A promissory note is generally the property of the lender, held until the borrower pays off the loan.

9. In fact, the figure appears to have been based upon the prior balances of Hanes' HEAL loans. Of those balances, Sallie Mae paid $19,943.75 pursuant to the consolidation promissory note; the remaining balance was apparently paid by the guarantor after Hanes' default.

## C. Manz' and Shalala's Motions to Dismiss Cross–Complaint

Hanes' cross-complaint filed in state court also names several third parties: Donna Shalala, Kevin Manz, Kathleen McCan, and Does 1–20. Of these third parties, proof of service was filed only as to Shalala and Manz. Cal. Code Civ.P. § 428.10(b) permits a defendant to file a cross-complaint against third-parties for any cause of action that "(1) arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause brought against him [or her] or (2) asserts a claim, right, or interest in the property or controversy which is the subject of the cause of action brought against him [or her]."

The procedural standards for responsive claims made by defendants against third parties in federal court is governed by Fed. R.Civ.P. 14, which permits a defendant as a third-party plaintiff to file a third-party complaint against non-parties who may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. Rule 14 is narrower in scope than Cal.Civ.Code § 428.10(b). Even if Hanes has a valid claim against the third-party defendants, it is not evident to the Court that their liability would be related to any liability of Hanes' to Sallie Mae. Therefore, on its face, the cross-complaint appears to exceed the scope of Fed.R.Civ.P. 14.

Federal courts in removal cases apply federal rules of procedure, but the application of the rules can neither enlarge nor contract the rights of the parties. *Manypenny*, 451 U.S. at 241–242, 101 S.Ct. 1657. *See also* 28 U.S.C. § 2072 (The federal rules "shall not abridge, enlarge or modify any substantive right"). If application of a federal rule interferes with a substantive right of the party, the state procedural rule will be applied as a substantive law pursuant to 28 U.S.C. § 1652. *Compare Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (establishing same standard for diversity cases).

If the Court determined in the instant case that the use of Fed.R.Civ.P. 14, rather than Cal.Civ.Code § 428.10(b), would prejudice Hanes' rights, the Court would employ the state rule. However, no prejudice exists because Hanes' cross-complaint fails to satisfy the standards of either state or federal rules of procedure. She has failed to demonstrate that her claims against Shalala and Manz arise out of the same transaction, occurrence, or series of transactions or occurrences as the cause brought against her, as required by Cal.Civ.Code § 428.10(b). In fact, the Court is unaware of any connection between these individuals and Hanes' claims. Although Manz and Shalala are named in Hanes' cross-complaint, Hanes does not make any substantive allegations against these individuals. Although Hanes generally refers to "Cross–Defendants" as a group, most or all of her allegations appear to refer only to Sallie Mae.

Therefore, the Court dismisses the cross-complaint against Manz and Shalala, pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that it fails to state a claim against these Cross–Defendants. In the alternative, the Court dismisses the cross-complaint pursuant to Fed.R.Civ.P. 8(a) and 8(e), which instruct that pleadings must have a "short and plain statement of the claim" and be "simple, concise, and direct." Hanes is granted thirty days leave to amend her cross-complaint against any third parties. If Hanes wishes to proceed against any third party, she must allege with specificity her claims against each individual defendant so that they may adequately prepare a response to the charges against them, and she must demonstrate compliance with either Fed.R.Civ.P. 14 or Cal.Civ.Code § 428.10(b).

## VII. Other Motions

As Hanes' cross-complaint has been dismissed, her motion for demand for names of the Does in the cross-complaint is denied. Shalala's alternative motion for summary judgment is denied as moot. Shalala's motion to stay discovery is granted.

## VIII. Jurisdiction

The Court holds that it retains jurisdiction over this action because Hanes has been granted leave to file an amended cross-complaint against Secretary Shalala.

### IX. Hanes Must Post Bond to Amend Cross–Complaint

Rule 11 of the Federal Rules of Civil Procedure provides:

**Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**

■ (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed.R.Civ.P. 11.

Hanes' pleadings to date include frivolous and impertinent legal arguments and conclusory factual assertions not supported by the record or any sworn statement. At this time, the Court elects not to impose sanctions. However, if Hanes wishes to amend her cross-complaint, she must post a $5,000.00 cash bond with the Clerk of Court. This bond will be held by the Clerk of Court and, if Hanes has conducted the affairs in her case appropriately within the realm of Federal Rule of Civil Procedure 11, the bond will be returned to her at the conclusion of her case. *See Washington v. Alaimo,* 934 F.Supp. 1395, 1398–1401 (S.D.Ga.1996) (enjoining individual from filing further lawsuits unless he posted a bond).

### X. Conclusion

Therefore, the Court (1) denies Hanes' motion to strike "Defendants'" motions; (2) denies Hanes' motion for a more definite statement or judgment on the pleadings; (3) grants Plaintiff's motion for summary judgment, and orders the immediate entry of judgment pursuant to Fed.R.Civ.P. 54(b); (4) denies Plaintiff's alternative motion for summary adjudication as moot; (5) grants Cross–Defendant Sallie Mae's motion to dismiss the cross-complaint against it; (6) grants Cross–Defendant Manz' motion to dismiss the cross-complaint against him; (7) grants Cross–Defendant Shalala's motion to dismiss the cross-complaint against her; (8) denies Cross–Defendant Shalala's motion for summary judgment as moot; (9) grants Cross–Defendant Shalala's motion for a stay of discovery; and (10) denies Defendant Hanes' demand for names of the Does in her cross-complaint. The Court grants Hanes' thirty days leave to file an amended cross-complaint, within the limitations set forth in Part IV of this order and on the condition that she post a $5,000.00 cash bond with the Clerk of Court.

IT IS SO ORDERED.