NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JOSEPH MIER, individually and on behalf
of all others similarly situated,

        Plaintiff - Appellant,

and

SHEQUANA TRUESDALE,

        Plaintiff,

  v.

CVS PHARMACY, INC., a Rhode Island
corporation,

        Defendant - Appellee,

VI-JON, LLC, a Missouri corporation,

        Intervenor-Defendant -
Appellee.

No. 24-482

D.C. No.
8:20-cv-01979-DOC-ADS

MEMORANDUM*

---

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 13, 2025
Pasadena, California

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: R. NELSON, LEE, and SUNG, Circuit Judges.

Plaintiff-Appellant Joseph Mier bought bottles of CVS Pharmacy hand sanitizer on multiple occasions. The front label claims that the hand sanitizer "kills 99.99 % of Germs*[.]" The back label qualifies that claim, stating: "*Effective at eliminating more than 99.99% of many common harmful germs and bacteria in as little as 15 seconds[.]" Mier alleged that the labels are false or misleading under various California consumer protection statutes and the common law.[1] We review the district court's order to dismiss de novo, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962–63 (9th Cir. 2016), and its decision to dismiss with prejudice for abuse of discretion, *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). We affirm.

1.    Mier's claims fail because he did not plausibly allege that a reasonable consumer would be misled or confused by the labels. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023); *Glen Holly Ent., Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003). The front label claim, which Mier challenges as confusing or misleading, is succeeded by an asterisk, and "the presence of an asterisk alone puts a consumer on notice that there are qualifications or caveats." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024). The back

---

[1] The second amended complaint also alleged that the label violated New York law. The district court dismissed those claims for lack of jurisdiction, and Mier does not challenge that portion of the district court's order.

label, which features a corresponding asterisk, qualifies the front label by stating that the sanitizer kills a subset of "many common harmful germs and bacteria." So a reasonable consumer would not conclude that the sanitizer kills "virtually every single disease-causing germ commonly found on hands," as Mier contends.

2. The district court did not abuse its discretion when it dismissed Mier's claims with prejudice. "[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint." *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). This is Mier's second amended complaint and Mier has offered no convincing reason to believe that amendment would not be futile. *Cf. Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**AFFIRMED.**